UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-623 (CRC) |
| : | |
| KIRSTYN NIEMELA, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT NIEMALA'S SECOND MOTION
TO MODIFY CONDITIONS OF RELEASE AND
MOTION TO REIMPOSE CONDITIONS OF RELEASE**

The United States responds to the defendant, Kirstyn Niemela's ("the defendant") second motion (ECF 27) requesting removal of two conditions of release and also moves to reimpose the same and additional conditions in this case.

In case 22 CR 25, the below conditions of release were imposed by both the arresting jurisdiction and the District of Columbia:

- Condition 7(m): defendant must not from use or unlawfully possessing a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner; and

- Condition 7(n): defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.

ECF 14 at 2.

The United States opposes the defendant's second motion. The defendant filed her first motion in case number 22 CR 25 (APM) on March 10, 2022. ECF 27, Mtn. to Modify, 22 CR 25. The government opposed that motion as the condition of drug testing was tailored specifically to her use of marijuana as indicated by the pretrial service report at her initial appearance in New

1

Hampshire. *See* ECF 30, Govt's Resp., 22 CR 25, at 2. As defense notes, the condition remained once she had her appearance in Washington, D.C. At the status conference held March 23, 2022, the parties discussed with the Court the defendant's motion, Ultimately Judge Mehta kept the condition intact, albeit orally approving testing less frequently. *See generally*, Dkt Rpt. Entry, 22 CR 25 dated 3/23/2022 (no modification noted).

The government contacted the Pretrial Services Agency in Washington, D.C. on June 4, 2022, and learned that defendant has been tested three times with the following results:

2/21/22 – positive for marijuana
3/1/22 –   negative
4/18/22 – negative.

Pretrial Services also indicated that the defendant was assessed and found in need of mental health treatment. Importantly, Pretrial Services indicated that since 22 CR 25 was dismissed against the defendant, no conditions of release exist in the present case for the defendant unless they are reimposed. This is a procedure of which the government was unaware.

Therefore, the government moves to reimpose all the same conditions of release as were imposed in 22 CR 25, including drug testing, and to add the addition condition requiring defendant to submit to mental health treatment.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    /s/ *Mona Lee M. Furst*
    Mona Lee M. Furst
    Assistant United States Attorney
    Detailee – Capitol Siege Section
    Kansas Bar No. 13162

United States Attorney's Office
1200 Epic Center, Suite 1200
Wichita, Kansas 67202
Telephone: (316) 269-6537
Mona.Furst@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 6th day of June 2022, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

/s/*Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney