UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 1:21-CR-623 (CRC) |
| MICHAEL ECKERMAN and : | |
| KIRSTYN NIEMELA, : | |
| : | |
| Defendants. : | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER
DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to issue an order precluding the defendants from: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct.

**1. The Court Should Preclude the Defendants from Arguing Entrapment by Estoppel.**

The Court should prohibit the defendants from making arguments or attempting to introduce evidence that law enforcement gave the defendants permission to enter the U.S. Capitol. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the

misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (citation and brackets omitted).

In *Chrestman*, another judge in this District rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia*, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A).  Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendants in this case to enter the Capitol building.  As the Court reasoned in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service.  *Id*. at 32. Indeed, in another January 6th case, the Court ruled that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if the defendants could establish that a member of law enforcement told either or both of them that it was lawful to enter the Capitol building or allowed either of them to do so, the defendants' reliance on any such statement would not be reasonable in light of the "obvious police

2

barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32.

Moreover, the defendants' actions belie any argument that they actually relied on any such statement by law enforcement when they made the decision to unlawfully enter the Capitol building and grounds. Prior to entering the Capitol building, the defendants stood on the West Plaza and watched as a crowd of rioters antagonized and fought with law enforcement officers wearing full riot gear. Despite witnessing this assault, the defendants proceeded to the Capitol's Upper West Terrace by walking up the northwest exterior stairs, just after another group of rioters overwhelmed and broke through the police line guarding it. The defendants then entered the Capitol building through the Senate Wing Door, just minutes after rioters had breached it by smashing the windows on both sides of it. The defendants could not have missed the broken glass, blaring alarms, and people climbing in through the windows as they entered.

Once inside the building, the defendants encountered a small group of law enforcement officers who blocked their progression and instructed them and the other rioters present to leave the building. Instead of complying, defendant Eckerman, with defendant Niemela near him, pushed through the crowd of rioters to the front line of the standoff with U.S. Capitol Police officers near the Memorial Doors of the Capitol. Defendant Eckerman then shoved Officer K.Y., causing him to fall down some steps and enabling another rioter to spray the officer with fire retardant. Having successfully breached the police line, the defendants and other rioters ascended the nearby stairs and further penetrated the Capitol building.

It is clear from the defendants' surroundings and actions that they knew their actions were not permitted or encouraged by police. Accordingly, the defendants should be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly told them it was.

2. **The Court Should Preclude the Defendants from Arguing that Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021, Legal.**

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendants that entering or remaining in the Capitol building was lawful, the Court should also bar the defendants from arguing that any failure to act by law enforcement rendered their conduct legal. The same reasoning that applied in *Chrestman* again applies here. That is, like the President, a Metropolitan Police officer or Capitol Police officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law, or ratify unlawful conduct by failing to prevent it. *See Williams*, No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct."). Accordingly, the defendants should be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly failed to prevent it or denounce it when it occurred.

3. **The Court Should Preclude the Defendants from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendants Specifically Observed or Were Otherwise Aware of Such Conduct.**

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' states of mind on January 6, 2021. However, unless the defendants show that, at the relevant time, they specifically observed or were otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendants' intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if the defendants were not aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the Capitol building, or at the time they committed the other

offenses charged in the Superseding Indictment, any alleged inaction would have no bearing on the defendants' states of mind and therefore would not meet the threshold for relevance. Another judge in this District adopted the same reasoning in granting an analogous motion *in limine* in another January 6th case. *See Williams*, No. 21-cr-377-BAH, at *3-4. The Court should reach the same conclusion in this case and exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent the defendants show that they specifically observed or were aware of the alleged inaction by the police when they committed the offenses charged in the Superseding Indictment.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendants' actions lawful, and any evidence or argument relating to alleged inaction by law enforcement, except to the extent that the defendants specifically observed or were otherwise aware of such conduct at the relevant time.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052


*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Jessica Arco*
JESSICA ARCO
Trial Attorney-Detailee
D.C. Bar No. 1035204

5

>601 D St., NW
>Washington, D.C. 20530
>jessica.arco@usdoj.gov
>Telephone: 202-514-3204