UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | Case No. 1:21-CR-623-2 (CRC) |
| | * | |
| KIRSTYN NIEMELA | * | |
| | * | |

**MOTION IN LIMINE TO PRECLUDE GOVERNMENT
ARGUMENTS FOR VICARIOUS CRIMINAL LIABILITY**

The Defendant, Kirstyn Niemela, moves in Limine for an order barring the government from making any argument at trial that suggests the actus reus element of an offense may be satisfied, in whole or in part, by other persons' conduct. Such an argument would be contrary to the plain language of the statutes under which Mr. Niemela is charge and would violate well-established principles of criminal liability. The government should not be permitted, in either its opening statement or its closing argument, to suggest that the jury may convict Ms. Niemela based on vicarious liability for another person's conduct.

**I.   Ms. Niemela is charged with offenses defined by reference to a defendant's personal conduct.**

From the government's indictments, Ms. Niemela's counsel expects that the government will suggest the jury may consider <u>other</u> persons' conduct to find that the actus reus elements of Ms. Niemela's charges are satisfied. Specifically, for Counts Four, Six, and Seven of the indictment, those elements are

- "engag[ing] in disorderly or disruptive conduct" (Count Four), 18 U.S.C. § 1752(a)(2);
- utter[ing] loud, threatening, or abusive language, or engag[ing] in disorderly or disruptive conduct" with the intent to impede, disrupt, and disturb" (Count Six) 40 U.S.C. § 5104(e)(2)(D); and

1

- "parading[ing] demonstate[ing], or picket[ing]" (Count Seven), 40 U.S.C. § 5104(e)(2)(G).

Each of these offenses plainly focuses on a given defendant's conduct.

Section 5104(e)(2) is not to the contrary, despite the opening phrase, "An individual or *group of individuals* may not willfully and knowingly . . . ." (Emphasis added). Even if that phrase created ambiguity, the rule of lenity would dictate that it not be read to depart from the traditional principle that a person may only be criminally liable for his own conduct. *United States v. Cano-Flores*, 796 F.3d 83, 93– 94 (D.C. Cir. 2015) ("[T]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008))). "In our jurisprudence guilt is personal," *Scales v. United States*, 367 U.S. 203, 224 (1961). "[H]olding one vicariously liable for the criminal acts of another may raise obvious due process objections," *United States v. Decker*, 543 F.2d 1102, 1103 (5th Cir. 1976), so courts do not read criminal statutes to impose accountability for others' conduct unless Congress has clearly expressed an intent to do so, *see id*.

Here, § 5104(e)(2) gives no reason to adopt such an anomalous interpretation. Instead, the most natural reading of the statute is that the reference to an "individual or group" simply reflects the kinds of acts described in § 5104(e)(2), which often may (but need not) involve multiple actors. The phrase cannot reasonably be read to suggest that a person would be guilty under § 5104(e)(2)(B) or (F), for example, if he did not himself "enter or remain in the gallery of either House of Congress," § 5104(e)(2)(B), or "engage in an act of physical violence," § 5104(e)(2)(F)—unless, as the next section explains, the person conspired with or aided or abetted others, and was accountable for others' conduct on one of those bases.

**II.** **Vicarious liability is exceptional in American criminal law and does not apply to ordinary criminal charges against individual defendants.**

2

If members of a group conspire together or aid and abet one another, then principles of vicarious liability (conspiracy) or accomplice liability (aiding or abetting) can make a group member criminally liable for others' conduct. But the government has not charged a conspiracy, nor aiding or abetting. Liability for aiding or abetting requires "(1) the specific intent to facilitate the commission of a crime by another; (2) guilty knowledge on the part of the accused; (3) that an offense was being committed by someone; and (4) that the accused assisted or participated in the commission of the offense." *United States v. Raper*, 676 F.2d 841, 849 (D.C. Cir. 1982) (citing *United States v. Prince*, 529 F.2d 1108 (6th Cir. 1976); *United States v. Staten*, 581 F.2d 878, 886–87 (D.C. Cir. 1978); *United States v. Wiley*, 492 F.2d 547, 551 (D.C. Cir. 1973)).

The government's "collective action" theory doesn't appear to be that Ms. Niemela actually aided or abetted another person who engaged in disorderly or disruptive conduct, or paraded, demonstrated, or picketed. It has not, for instance, incorporated 18 U.S.C. § 2 into the charges or requested an instruction on accomplice liability. Instead, the government appears to argue for something more akin to vicarious liability, though it does not use those words.

The doctrine of vicarious liability allows a jury to convict a defendant without any proof that the defendant personally engaged in prohibited conduct. 2 Wayne R. LaFave, *Substantive Criminal Law* § 13.4 (3d ed. Dec. 2021 Update) ("with vicarious liability . . . the need for a personal *actus reus* . . . is dispensed with, and there remains the need for whatever mental fault the law requires"). Vicarious liability is exceptionally convenient for prosecutors—and for that reason, it is exceptional. Id. ("in criminal law [vicarious responsibility] is a departure from the basic premise of criminal justice that crime requires personal fault"); *see also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 751 (1989) (Brennan, J., dissenting) (noting that in criminal law, unlike civil law,

"vicarious . . . liability would be extraordinary"). A version of it, so called *Pinkerton*[1] liability, applies in conspiracy cases. *See United States v. Silvestri*, 409 F.3d 1311, 1335 (11th Cir. 2005) ("Each party to a continuing conspiracy may be vicariously liable for substantive criminal offenses committed by a co-conspirator during the course and in the furtherance of the conspiracy, *notwithstanding the party's non-participation in the offenses or lack of knowledge thereof*." (emphasis added in *Silvestri*) (quoting *United States v. Mothersill*, 87 F.3d 1214, 1218 (11th Cir. 1996))).

But most often, vicarious liability applies to *corporate* defendants. *See* LaFave, *supra*, § 13.4 (under vicarious liability, "the defendant, generally one conducting a business, is made liable, though without personal fault, for the bad conduct of someone else, generally his employee"); *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1118 (D.C. Cir. 2009) ("Corporations may be held liable for specific intent offenses based on the 'knowledge and intent' of their employees . . . [b]ecause a corporation only acts and wills by virtue of its employees . . . ."). It is not surprising, then, that the government does not expressly argue for vicarious liability in this case. But in practical terms, that is the import of its "collective action" arguments. The Court should bar the government from making such arguments at trial, as the next section explains.

III. **Allowing the government to suggest that Ms. Niemlea may be convicted based on others' conduct would invite the jury to misapply the law and render a verdict that does not reflect his personal culpability.**

The government must prove beyond a reasonable doubt that Ms. Niemela personally "engage[d] in disorderly or disruptive conduct" §§ 1752(a)(2), 5104(e)(2)(D), and "parade[d], demonstrate[d], or picket[ed]," § 5104(e)(2)(G). That is the clear requirement of the applicable statutes and a fundamental principle of criminal liability.

---

[1] *Pinkerton v. United States,* 328 U.S. 640 (1946).

Ms. Niemela will request a jury instruction that explains the requirement of personal guilt and the general insufficiency of others' conduct, or mere presence, or mere association to establish a defendant's culpability. It will contain principles that are crucial to Ms. Niemela's ability to defend against these charges. Under those circumstances, the instruction should be given. *See United States v. DeFries*, 129 F.3d 1293, 1309 (D.C. Cir. 1997). Just as important, the government should not be allowed to undercut the instruction by arguing that the jury can find actus reus elements satisfied by "collective action."

Accordingly, Ms. Niemela asks the Court to enter an order barring the government from arguing or suggesting at trial that the jury may find any charged element to be satisfied by other individuals' conduct.

                                                Respectfully submitted
                                                Kirstyn Niemela,
                                                By her Attorneys,

Date:   December 6, 2022                 /s/     Paul J. Garrity
                                                Paul J. Garrity, Bar No. 905
                                                14 Londonderry Road
                                                Londonderry, NH 03053
                                                603-434-4106
                                                garritylaw@myfairpoint.net


                                                /s/     Richard F. Monteith
                                                Richard Monteith, Bar No. 9352
                                                14 Londonderry Road
                                                Londonderry, NH 03053
                                                603-437-2733
                                                monteithlaw@aol.com

**CERTIFICATE OF SERVICE**

      I, Richard F. Monteith and Paul J. Garrity, herein certify that on this 6th day of December, 2022, a copy of the within was e-filed for all parties involved and mailed, postage pre-paid, to Kirstyn Niemela.

Date: December 6, 2022         /s/    Paul J. Garrity
        Paul J. Garrity

        /s/    Richard F. Monteith
        Richard Monteith