UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | Case No. 1:21-CR-623-2 (CRC) |
| | * | |
| KIRSTYN NIEMELA | * | |
| | * | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING CONDUCT BY OTHERS THAN DEFENDANT

Defendant Kirstyn Niemela, through undersigned counsel, respectfully moves in Limine pursuant to Fed. R. Evid. 401(b) and 402 to exclude at his trial all evidence concerning conduct and statements of others who may have been in Ms. Niemela's general vicinity on January 6. This evidence is irrelevant because she is not alleged to have conspired with these individuals and the government cannot establish that she would have had prior awareness that these individuals would engage in such conduct or make such statements.

### BACKGROUND

Ms. Niemela is charged with various offenses arising out of her presence at the Capitol on January 6. Specifically, she is alleged to have entered the Capitol building after the Capitol had been breached. CCTV footage and media footage captures her, at various times, inside the Capitol. At no time does she physically engage with police officers. While others around her are heard spontaneously shouting and physically engaging police officers, Ms. Niemela herself does not engage in any such conduct.

Under Fed. R. Evid. 401(b), evidence is only relevant if it tends to establish a "fact [that] is of consequence in determining the action." If the evidence does not tend to establish a fact of

1

consequence, it is irrelevant and therefore not admissible. Fed. R. Evid. 402. The conduct of others is not relevant to counts under which Ms. Niemela is charged as a principal.

Even if this evidence is found to be relevant, its prejudicial value substantially outweighs its probative value and it should be excluded. Fed. R. Evid. 403. Evidence of others' spontaneous conduct that Ms. Niemela did not participate in has exceedingly little probative value, if any, and it "tend[s] to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013). Evidence of the egregious and even violent conduct of some others who entered the Capitol on January 6, *e.g.*, *United States v. Caldwell*, No. 21-CR-00028, 2021 WL 6062718, at *1–2 (D.D.C. Dec. 20, 2021) (defendants wore tactical gear, brought bear spray and large dog, and "grabbed" police officer); *United States v. Sandlin*, No. 21-CR-00088, 2021 WL 5865006, at *1–2 (D.D.C. Dec. 10, 2021) (defendants brought paramilitary gear and two knives and "pushed," "wrestled," and "struck" Capitol police officers), when compared to Ms. Niemela's nonviolent behavior, may prompt a decision based on conduct that is irrelevant to her conduct and intent.

alternatively charged in Count One and Two under an aiding and abetting theory. Id

**ARGUMENT**

Under Fed. R. Evid. 401(b), evidence is only relevant if it tends to establish a "fact [that] is of consequence in determining the action." If evidence does not tend to establish a fact of consequence, it is irrelevant and so not admissible under Fed. R. Evid. 402.

By way of instruction, in *Rosemond*, the Supreme Court held that a defendant can only be held liable under an aiding and abetting theory if he acts "with full awareness of its scope" and thereby "align[s] himself with the illegal scheme in its entirety." 572 U.S. at 77–78. To do this, a defendant must have advance knowledge of all circumstances relevant to the offense such that he

could have refused to participate in the full crime. *Id.* at 78. Obtaining that knowledge during the course of the crime is not sufficient to establish liability as an aider and abettor. *Id.* at 80–81. In Rosemond, the Supreme Court held that the defendant could not be liable under an aiding and abetting theory for aiding and abetting possession of a firearm during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), where he was aware that his accomplice would be trafficking drugs but not aware that the accomplice would be using a firearm. *Id.* at 78. His actual knowledge of the firearm only came during the offense, at which point it was "too late for him to be reasonably able to act upon it." *Id.* at 81. The Court held that he did not have the requisite intent to aid and abet a crime involving a gun, and he could not be liable as an accomplice for a violation of 18 U.S.C. § 924(c). *Id.* at 78.

Here, however, Ms. Niemela is charged as a principal. Evidence concerning conduct by others does not tend to establish facts relevant to her own liability. As such, evidence of any conduct of other people in the Capitol building that Ms. Niemela did not know about in advance of her own actions is not relevant under Fed. R. Evid. 401(b). Evidence of such conduct, and references to that evidence, must be excluded under Fed. R. Evid. 402.

Evidence of conduct by other people around Ms. Niemela but of which she was unaware would happen is inflammatory and could result in a decision made on an emotional basis. *See Ring*, 706 F.3d at 472 ("Relevant evidence is unfairly prejudicial when it "tend[s] to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one."). For example, evidence of the actions of co-defendant Eckerman purportedly pushing a US Capitol Police Officer are irrelevant to the allegations against Ms. Niemela. Ms. Niemela neither intended to participate nor actually participated in violent conduct. She did not threaten any officers or steal any property. She was not affiliated with any extremist group. And while there may be evidence

that other individuals attempted to encourage those around her, there is no evidence that encouragement or that the encouragement was successful as it relates to her. Plainly, there is no evidence that Ms. Niemela ever intended to obstruct the electoral count.

Evidence of the flagrant, provocative and violent actions of others is not probative if Ms. Niemela did not have prior notice and an opportunity to make the decision to align herself with the conduct. The probative value of this evidence is de minimus and its potential for unfair prejudice is so significant as to justify the exclusion of this evidence.

## CONCLUSION

Wherefore, undersigned counsel respectfully moves this Court in Limine to exclude at trial evidence concerning conduct by others of which Ms. Niemela cannot be shown to have been aware in advance of the time it was occurring, as well as all references to such conduct.

Respectfully submitted
Kirstyn Niemela,
By her Attorneys,

Date: December 6, 2022

/s/     Paul J. Garrity
Paul J. Garrity, Bar No. 905
14 Londonderry Road
Londonderry, NH 03053
603-434-4106
garritylaw@myfairpoint.net

/s/     Richard F. Monteith
Richard Monteith, Bar No. 9352
14 Londonderry Road
Londonderry, NH 03053
603-437-2733
monteithlaw@aol.com

## CERTIFICATE OF SERVICE

    I, Richard F. Monteith and Paul J. Garrity, herein certify that on this 6th day of December, 2022, a copy of the within was e-filed for all parties involved and mailed, postage pre-paid, to Kirstyn Niemela.

Date: December 6, 2022           /s/   Paul J. Garrity
                                           Paul J. Garrity


                                           /s/   Richard F. Monteith
                                           Richard Monteith