UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| V. * | Case No. 1:21-CR-623-2 (CRC) |
| * | |
| KIRSTYN NIEMELA * | |
| * | |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S TRIAL EXHIBITS**

NOW COMES the Defendant, Kirstyn Niemela, by and through counsel, Richard Monteith and Paul Garrity, and submits the following objections to the Government's Exhibit List that was submitted to this Court on January 2, 2023.

In support thereof, Ms. Niemela states as follows:

1. The Defendant objects to a portion of Government Exhibit #305. The portion that the Defendant objects to in this exhibit, which consists of video footage, is the chyron running at the bottom of the video. The chyron states "NOW; HEARING ON TRUMP'S INACTION DURING CAPITOL SIEGE". Underneath this chyron there is a heading stating "THE JANUARY 6TH HEARINGS". The Defendant submits that the chyron and the sub-heading are not relevant and the terms "TRUMP'S INACTION" and "CAPITOL SIEGE" are unduly prejudicial. As a result, the Defendant submits that the entirety of the chyron should be redacted from this exhibit as it is inadmissible pursuant to FRE Rule 401, 402, and 403.

2. The Defendant objects to Government Exhibit #401 and #402. Government Exhibit 401 and 402 consist of videos related to the December, 2020 "Stop the Steal" rally. The Defendant submits that these exhibits are irrelevant and should be precluded from being

introduced into evidence pursuant to FRE 401 and 402. Further, the Defendant submits that the contents of these videos, to the extent they have any probative value, is substantially outweighed by the danger of unfair prejudice to the Defendant and could have the tendency to confuse the issues and mislead the jury.

3. The Defendant objects to Government Exhibit #809 and submits that this exhibit is irrelevant and should be precluded from being introduced into evidence pursuant to FRE 401 and 402.

4. The Defendant objects to Government Exhibit #810, which consists of Facebook messages/posts from November 24, 2020, November 30, 2020 and December 1, 2020. The Defendant submits that these messages/posts are irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

5. The Defendant objects to Government Exhibit #811 and submits that this exhibit, which consists of a December 13, 2020 picture of the Defendant, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

6. The Defendant objects to Government Exhibit #812 and submits that this exhibit, which consists of what appears to be a shared Facebook post related to QAnon, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402. Further, the contents of this shared post, to the extent it has any probative value, is substantially outweighed by the prejudicial impact it could have to the Defendant. As a result, this exhibit should also be precluded from introduction into evidence pursuant to FRE 403.

7. The Defendant objects to a portion of Government Exhibit #814. This exhibit consists of a Facebook conversation involving the Defendant. The portion that the Defendant objects to are statements related to JFK Jr. The Defendant submits that this portion of the

conversation is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402. Further, given the fairly outlandish reference to JFK Jr. appearing on January 6, 2021, any minimal probative value this portion of the conversation would have to the case pending against the Defendant would be substantially outweighed by the undue prejudice that would be caused to the Defendant by introduction of this portion of the conversation. As a result, the Defendant submits that this portion of the conversation should be precluded from being introduced into evidence pursuant to FRE 403.

8. The Defendant objects to Government Exhibit #815. This exhibit consists of a January 3, 2021 Facebook conversation involving the Defendant. The portion that the Defendant objects to are statements where the Defendant and the other individual involved in the conversation discuss the idea of bringing firearms to Washington, D.C. Defendant submits that this portion of the conversation is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402, especially where the Defendant is not charged with a firearm related offense nor is the Defendant aware of any evidence that the Defendant in fact has a firearm in her possessing in Washington, D.C. or at the Capitol on January 6, 2021. Further, the discussion of bringing a firearm to Washinton, D.C. on January 6, 2021 would cause undue prejudice to the Defendant and should be precluded pursuant to FRE 403.

9. The Defendant objects to Government Exhibit #819. This exhibit consists of a January 4, 2021 Facebook conversation involving the Defendant. The portion that the Defendant objects to are statements where the Defendant and the other individual involved in the conversation discuss the idea of bringing firearms to Washington, D.C. Defendant submits

that this portion of the conversation is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402, especially where the Defendant is not charged with a firearm related offense nor is the Defendant aware of any evidence that the Defendant in fact has a firearm in her possessing in Washington, D.C. or at the Capitol on January 6, 2021. Further, the discussion of bringing a firearm to Washinton, D.C. on January 6, 2021 would cause undue prejudice to the Defendant and should be precluded pursuant to FRE 403.

10. The Defendant objects to Government Exhibit #821 and submits that this exhibit, which consists of a January 4, 2021 repost of messages from Lin Wood, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

11. The Defendant objects to Government Exhibit #825. This exhibit, which consists of a January 7, 2021 conversation involving the Defendant is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

12. The Defendant objects to Government Exhibit #829. This exhibit, which consists of a January 9, 2021 Facebook repost entitled "FLYNN'S LAST TWEET: DO IT – STORM IS COMING – NOW COMES THE PAIN", is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

13. The Defendant objects to Government Exhibit #833 and submits that this exhibit, which consists of a Facebook repost, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

14. The Defendant objects to Government Exhibit #834 and submits that this exhibit, which consists of a Facebook conversation and a repost, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

15. The Defendant objects to Government Exhibit #835 and submits that this exhibit, which consists of a Facebook conversation and a repost, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402.

16. The Defendant objects to Government Exhibit #839 and submits that this exhibit, which consists of a Facebook content, is irrelevant and should be precluded from introduction into evidence pursuant to FRE 401 and 402. Further, the Defendant submits that the contents of this material, to the extent they have any probative value, are substantially outweighed by the danger of unfair prejudice that may be caused to the Defendant. As a result, this exhibit should be precluded from introduction into evidence as well on the basis of FRE 403.

17. The Defendant objects to Government Exhibit #840 and submits that this exhibit, which consists of a Facebook conversation, which relates in part to JFK Jr. being alive and potentially political office, along with a meme photograph, is irrelevant and unduly prejudicial and should be precluded from introduction into evidence pursuant to FRE 401, 402, and 403.

WHEREFORE, the Defendant, Kirstyn Niemela, respectfully requests that this Honorable Court:

A) Uphold her objections and preclude the Government from introducing the above-referenced exhibits.

B) Order such other relief as may be just and proper.

Respectfully submitted
Kirstyn Niemela,
By her Attorneys,

Date:  January 12, 2023            /s/      Paul J. Garrity
                                   Paul J. Garrity, Bar No. 905

                14 Londonderry Road
                Londonderry, NH 03053
                603-434-4106
                garritylaw@myfairpoint.net


                /s/     Richard F. Monteith
                Richard Monteith, Bar No. 9352
                14 Londonderry Road
                Londonderry, NH 03053
                603-437-2733
                monteithlaw@aol.com


**CERTIFICATE OF SERVICE**

      I, Richard F. Monteith and Paul J. Garrity, herein certify that on this 12th day of January, 2023, a copy of the within was e-filed for all parties involved and mailed, postage pre-paid, to Kirstyn Niemela.


Date: January 12, 2023                              /s/     Paul J. Garrity

                                                          Paul J. Garrity


                                                          /s/     Richard F. Monteith
                                                          Richard Monteith