# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 1:21-CR-623 (CRC) |
| v. | : | |
| | : | |
| **KIRSTYN NIEMELA,** | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' NOTICE OF INTENT TO OFFER BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Notice of Intent to Offer Business Records Pursuant to Federal Rule of Evidence ("FRE") 902(11).

To promote efficiency at trial, the government hereby provides notice that it intends to introduce into evidence certain business records pursuant to FRE 902(11) and 803(6) in lieu of calling multiple records custodians for authentication. Through this Notice, the government complies with the requirement of advance notice to the defense and provides an opportunity for inspection of the following exhibits:

- Business records of Meta, Inc. (formerly Facebook, Inc.) regarding Account x5078, which is linked to the defendant. The full records are too voluminous to attach but select records, including related videos, that the United States intends to highlight for the jury have been provided to the defendant and identified by the United States in its exhibit list. The associated business records certification is attached as **Exhibit A**.

- Business records of Meta, Inc. (formerly Facebook, Inc.) regarding Account x8048, which is linked to the defendant. The full records are too voluminous to attach but select records, including related videos, that the United States intends to highlight for

the jury have been provided to the defendant and identified by the United States in its exhibit list. The associated business records certification is attached as **Exhibit B**.

- Business records of Meta, Inc. (formerly Facebook, Inc.) regarding Account x3831, which is linked to the defendant. The full records are too voluminous to attach but select records, including related videos, that the United States intends to highlight for the jury have been provided to the defendant and identified by the United States in its exhibit list. The associated business records certification is attached as **Exhibit C**.

- Business records of the United States Senate regarding its video recording of the Senate proceedings held on January 6, 2021. The full video has been provided to the defendant, and the portions the United States intends to highlight for the jury has been identified by the United States and provided to the defendant via USAfx. The associated business records certification is attached as **Exhibit D**.

- Business records of the United States House of Representatives regarding its video recording of the House proceedings held on January 6, 2021. The full video has been provided to the defendant, and the portions the United States intends to highlight for the jury has been identified by the United States and provided to the defendant via USAfx. The associated business records certification is attached as **Exhibit E**.

By providing this notice, the government does not contend that the foregoing records require either the testimony of a records custodians or a FRE 902(11) certification for their admission into evidence. Nor does the government commit to the introduction of each document. The government notes that the foregoing documents may be otherwise admissible under alternative Federal Rules of Evidence. The government also reserves the right to call any proper evidence custodian for each of the noticed documents. Nonetheless, the government provides this

notice in an abundance of caution to alert the defendant sufficiently in advance of trial that the government intends to introduce these business records pursuant to FRE 902(11) at trial.

In determining whether documents are admissible pursuant to the business records exception to the hearsay rule, courts apply Federal Rule of Evidence 803(6). Under the rule, the following evidence is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness":

Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

- A. the record was made at or near the time by--or from information transmitted by--someone with knowledge;
- B. the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
- C. making the record was a regular practice of that activity;
- D. all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
- E. neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). In the instant case, the Government can establish the admissibility of the third-party records under FRE 803(6) based upon the business records certifications obtained from the third-party records custodians. Each of the relevant business records certifications indicates that all five of the conditions of the FRE 803(6) are satisfied.

Likewise, the Government can establish the authenticity of the third-party records based upon satisfaction of the requirements of under FRE 902(11), which provides that the following evidence is "self-authenticating" and "require[s] no extrinsic evidence of authenticity in order to be admitted":

> Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). As previously stated, the business records certifications in this case attest to the foundational requirements for Rule 803(6).

It bears mentioning that the admissibility of business records under Rule 803(6), and the procedures set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which holds that any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. The Supreme Court made clear in *Crawford* that business records are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned. *Crawford*, 541 U.S. at 55 (noting that business records "by their nature [are] not testimonial"); *Crawford*, 541 U.S. at 76 (Rehnquist, C.J., concurring) ("To its credit, the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records."). Accordingly, business records can be admitted at trial without calling a witness for the defendant to cross-examine.

Finally, in making its preliminary determination on the business records, the Court need only find the facts supporting admissibility by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and

policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.").

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar Number 481052

          */s/ Michael M. Gordon*
          MICHAEL M. GORDON
          Assistant United States Attorney-Detailee
          Florida Bar. No. 1026025
          601 D St., NW
          Washington, D.C. 20530
          michael.gordon3@usdoj.gov
          (813) 274-6000

          */s/ Jessica Arco*
          JESSICA ARCO
          Trial Attorney-Detailee
          D.C. Bar No. 1035204
          601 D St., NW
          Washington, D.C. 20530
          jessica.arco@usdoj.gov
          (202) 514-3204