IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KIRSTYN NIEMELA,<br><br>Defendant | Criminal Case No.<br><br>1:21-cr-623-2 (CRC) |

**DEFENDANT KIRSTYN NIEMELA's MOTION TO POSTPONE SENTENCING HEARING**

Defendant, Kirstyn Niemela, through the undersigned counsel, John L. Pierce, moves the Court to postpone the scheduled sentencing hearing from May 31, 2023, at 10:00 AM in Courtroom 27A before Judge Christopher R. Cooper.

The John Pierce Law firm contacted the U.S. Attorney's Office who responded that the Government opposes a continuance both as to the result and as to the Defendant's reasoning for a continuance.

Ms. Niemela had a court-appointed attorney with whom she became dissatisfied, and asked the attorney to withdraw. She was *pro se* by necessity for about 2 months, and then found attorneys who represented her through trial but in her reports appear to have failed to present her defense.

On July 13, 2022, Dkt. #31, the court-appointed attorney moved to

1

withdraw. The Court held a hearing on the Defendant's motion to proceed *pro se*. On August 10, 2022, the Court granted the motion for Niemela's attorney to withdraw, by Minute Order.

Two months later, on October 7, 2022, Dkt. #50, Richard F. Monteith, Jr., entered an appearance for Ms. Niemela.

The John Pierce Law Firm was contacted after her conviction for sentencing and appeal purposes. Therefore current counsel is relatively new on the case but also trying to reconstruct what was done with prior counsel and in the trial in which current counsel was not present.

Meanwhile during the two months that Ms. Niemela was representing herself *pro se*, the Government filed the following motions affecting the subsequent trial:

- A) MOTION in Limine *to restrict the presentation of evidence regarding the specific position of U.S. Capitol Police surveillance cameras* by USA as to Michael Eckerman, Kirstyn Niemela on September 29, 2022, Dkt. # 44

- B) MOTION in Limine *to preclude certain defense arguments and evidence about law enforcement* by USA as to Michael Eckerman, Kirstyn Niemela. (Gordon, Michael) on September 29, 2022, Dkt. # 45

- C) MOTION in Limine *to limit cross-examination of U.S. Secret Service witness* by USA as to Michael Eckerman, Kirstyn Niemela on September

29, 2022, Dkt. # 46.

D) MOTION in Limine *regarding authentication of certain photo and video evidence* by USA as to Michael Eckerman, Kirstyn Niemela on September 29, 2022, Dkt. # 47

E) MOTION in Limine *to preclude defense cross-examination on, or evidence of, the shooting of Ashli Babbitt* by USA as to Michael Eckerman, Kirstyn Niemela on September 29, 2022, at Dkt. # 48.

F) Unopposed MOTION for Protective Order *Governing Discovery* by USA as to Kirstyn Niemela, on October 7, 2022, at Dkt. # 49.

However, because Defendants are often represented by counsel, it is customary for moving parties to "serve" motions on opposing parties by trusting in the ECF filing and docketing system.   All counsel would receive notice and a copy of filed pleadings.

However, the Certificate of Services for those five (5) motions does not reflect any notice to *pro se* Defendant Kirstyn Niemela.

Some of these motions had a strong likelihood of affecting the Defendant's rights at trial, such as especially  "MOTION in Limine *regarding authentication of certain photo and video evidence* by USA as to Michael Eckerman, Kirstyn Niemela on September 29, 2022, Dkt. # 47"  The photographs and videos taken off of Facebook, Twitter, and other social media were affected by that motion.

However, because *pro se* Defendant Kirstyn Niemela did not receive nor know about the motions, she could not file a response or opposition.

Therefore, current counsel must file a petition for a writ of coram nobis on the denial of Kirstyn Niemela's constitutional due process rights.

Furthermore, we do not see any statement of facts or other factual document supporting the arrest of Kirstyn Niemela other than perhaps under 18 U.S.C. 1752(a)(1). But that statute requires entering a restricted area *knowingly* which requires proof of posted notice of the restricted area. Mere presence in a restricted area is not enough.

Kirstyn Niemela was indicted of, went to trial on, and was convicted of – co-mingled and confused on each Count with Michael Eckerman.

> **Count III** – Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. 1752(a)(1).
>
> **Count IV** – Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. 1752(a)(2).
>
> **Count VI** – Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. 5104(e)(2)(D)
>
> **Count VIII** – Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S. 5104(e)(2)(G).

However, there was no statement of facts or any affidavit sufficient to arrest Kirstyn Niemela much less as evidence to support conviction. There is a combined statement of facts for both Michael Eckerman and Kirstyn Niemela, but it addresses mostly Eckerman – not Niemela. See Document 1-1 in Magistrate Case No. Case 1:22-mj-00011-AJ. But this Statement of Facts as an Affidavit in support of the Complaint and arrest warrant spends almost all the mention of Niemela merely identifying her – not establishing any crimes.

There is another Statement of Facts concerning Michael Eckerman and Stephanie Nicole Chiguer, but again offers no discussion or allegation of any crime by Kirstyn Niemela other than simply mere presence in the Capitol for a short time and her exercise of free speech remote in place and time from the Capitol on January 6, 2021. There is no allegation of any disruption by Niemela of the Capitol or Congressional proceedings.

The only crime where the affidavit comes close is Count III for violation of 18 U.S.C. 1752(a)(1). That is, the Government shows only that Niemela was in the U.S. Capitol – that's it. This is erroneous. 18 U.S.C. 1752(a)(1) only applies when one acts **_knowingly_** to enter a (temporarily) restricted building or grounds. This would have to mean that someone _knowingly entered_ what they _knew to be_ a restricted area.

Thus the Government does not address one of the core elements of the

5

crime.  The Complaint, Arrest Warrant, and supporting affidavit (Statement of Facts) leave out one of the elements of the crime.  The Government would have to allege and to prove, even on a probable cause basis, that Niemela was on notice that the building and grounds were restricted – <u>at the time she approached them, not at some earlier time.</u>

    Seeing that the building was crowded does not equal restricted.

    Seeing police officers does not equal restricted.

    Hearing alarms does not equal restricted, especially for those familiar from school with school hooligans pulling fire alarms to ditch class or cause a disruption.  That is, alarms do not mean there is a legitimate reason for an alarm.

    Seeing people breaking the law does not equal a restricted area.

    Yet the Government is determined to assert that 18 U.S.C. 1752(a)(1) is a "strict liability" crime – that merely being in what the Government failed to identify (durably) as restricted is a violation.  Clearly that is not true and is unconstitutional.

    Therefore, none of the Counts alleged against Defendant Niemela are supported by any charging document.  Niemela was not validly charged with Count III, Count IV, Count VI, or Count VIII, because none of the crimes charges are supported by the elements of each crime.

    The prosecution of Kirstyn Niemela is constitutionally infirm and subject to

dismissal.  The Court never acquired proper jurisdiction of the case.

Counsel must provide research and precedents and add to Defendant's Petition for Writ of Coram Nobis that the Court never acquired jurisdiction.

Moreover, we find that Krysten Niemela was charged in a mis-matched group leading to a confused record to be untangled.

Every aspect of this case has turned on the Government's assumptions that the three traveled together to Washington, D.C., and they were therefore joined at the hip the entire day on January 6, 2021.

As a result, the Government has failed to allege crimes committed by Kirstyn Niemela by falsely including her in the penumbra of allegations against a male co-Defendant Michael Eckerman and female co-Defendant Stephanie Nicole Chiguer.  With these bad assumptions, the Government neglected to and failed to actually bring criminal allegations against Niemela.

Any Statement of Facts or any other factual allegations meaning Kirstyn Niemela improperly rely upon guilt by association.  They are not sufficient for her to be arrested or charged.  The case must be dismissed

Meanwhile, the undersigned law firm has been working in defending a person in the Proud Boys trial, United States v. Nordean, *et al.*, led by Roger Roots but involving much of the other personnel and resources of the firm.

That trial has gone on for now over three months, heading into about four

months now with the jury deliberating.

Much of that long trial was the prosecution's case in chief, although quite a number of surprises and side issues also intervened at no one's expectation like juror issues and last minute disclosures. Very little of the 3 months, now into the 4th month was the Defendants' defense case.

This longer than expected trial has caused a bit of a cascade of pressure on other pending cases.

## CONCLUSION

For the foregoing reasons, the Court is asked for a postponement of the scheduled sentencing hearing and the deadline for filing a sentencing memorandum.

Dated: May 10, 2023                     RESPECTFULLY SUBMITTED
                                        KIRSTYN NIEMELA,

*By Counsel*

*John M. Pierce*

John M. Pierce, Esq.
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this May 10, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants. From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MICHAEL MATTHEW GORDON, ESQ.
DOJ-USAO
U.S. DEPARTMENT OF JUSTICE
400 North Tampa Street, Suite 3200
Tampa, FL 33602
(813) 274-6370
**michael.gordon3@usdoj.gov**

JESSICA ARCO, ESQ.
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC  20530
**jessica.arco@usdoj.gov**

_____/s/_____
John M. Pierce, Esq.