UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:21-cr-623-2 (CRC) |
| KIRSTYN NIEMELA, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO POSTPONE SENTENCING HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Kirstyn Niemela's Motion to Postpone Sentencing Hearing, ECF No. 117 ("Def.'s Mot."). Niemela's motion is misleading and unsupported by authority at best and frivolous at worst. In sum, Niemela argues that her sentencing, which is scheduled for May 31, 2023, should be postponed because: (1) the Court never properly acquired jurisdiction over her and thus the case should be dismissed, despite the fact that she was indicted by a grand jury and convicted by a trial jury; (2) she was not afforded notice of the government's pre-trial motions *in limine* or an opportunity to respond to them, even though she was never without counsel and the motions were served on her counsel four months before trial; and (3) three months has not been enough time for her current counsel to prepare for sentencing in this misdemeanor case. *See id.* None of these things are true. The Court should deny Niemela's motion accordingly.

I.  **The Court Properly Exercised Its Jurisdiction in This Case.**

Niemela argues that despite the jury's guilty verdicts, her case should be dismissed because the Court never acquired jurisdiction over her. *See id.* at 4-7. Niemela bases this extraordinary claim on her assertion that the affidavit supporting the Complaint in a different

<u>case in front of a different Court that has since been dismissed</u> fails to allege sufficient facts to charge her. *See id.* Charitably, Niemela's argument appears to stem from her misunderstanding of the docket and/or conflating the charges in this case, *United States v. Eckerman, et al.*, 21-cr-623 (CRC), with the since-dismissed charges against her in *United States v. Niemela, et al.*, 1:22-cr-25 (APM).

A summary of the history of the United States' prosecution of Niemela is as follows. On January 14, 2022, United States Magistrate Judge G. Michael Harvey found that the affidavit submitted by the government established probable cause to charge Niemela and co-defendant Stefanie Chiguer by Complaint with four misdemeanor crimes in *United States v. Niemela, et al.*, 1:22-cr-25 (APM). *See id.*, ECF No. 1. Five days later, on January 19, 2022, the United States Attorney charged Niemela by Information, replacing the Complaint as the relevant charging instrument. On April 7, 2022, Chiguer pleaded guilty via plea agreement. *See id.*, ECF No. 36.

Separately, on April 27, 2022—i.e., approximately three weeks after Chiguer's guilty plea—a grand jury sitting in this District indicted Niemela on the same four misdemeanor charges <u>in this case</u>, *United States v. Eckerman, et al.*, 21-cr-623 (CRC). *Id.*, ECF No. 24. It is these four misdemeanor charges—<u>not</u> the dismissed charges from the Complaint and Information in *United States v. Niemela, et al.*, 1:22-cr-25 (APM)—on which Niemela went to trial and was convicted. *See Eckerman*, ECF Nos. 24, 95. Thereafter, on May 16, 2022, Judge Mehta granted the government's motion to dismiss all remaining charges against Niemela in the original case. *See id.*, ECF No. 37-38.

Niemela's arguments about the alleged deficiencies in the Complaint from her previous case before Judge Mehta are thus completely irrelevant to this case. <u>This Court</u> acquired jurisdiction over Niemela via the grand jury's indictment. Niemela has never challenged the

sufficiency of that indictment and does not do so in the instant motion. She has thus provided no grounds, let alone authority, to postpone sentencing based on the manner in which she was charged.

### II. Niemela and Her Prior Counsel Received the Government's Motions *in Limine* Soon After They Were Filed and Had Months to Oppose Them.

Niemela also argues that she never received five of the government's motions—i.e., ECF Nos. 44-49—and thus could not respond to them, was deprived of her constitutional due process rights, and should have her sentencing continued to provide time for her new counsel to make further filings. *See* Def.'s Mot. at 1-4. Niemela claims that the government filed those five motions "during the two months that Ms. Niemela was representing herself *pro se*" and did not provide her with copies. *See id.* The docket shows that her argument fails because it is based on misunderstandings or misrepresentations concerning the history of this case. Niemela did not represent herself *pro se* between August 10, 2022 and October 7, 2022, as she claims. Moreover, Niemela's counsel received the government's motions at most a week after they were filed, had three-and-a-half months to respond to them, and declined to oppose them.

The timeline of Niemela's representation in this case is as follows. On May 27, 2022 (four days before Niemela's arraignment), court-appointed counsel Kira West entered her appearance on behalf of Niemela. On July 13, 2022, Ms. West moved to withdraw, citing irreconcilable differences with her client. *See* ECF No. 31. On August 10, 2022, the Court held a video status conference in which Ms. West's motion was granted. Aug. 10, 2022 Minute Order. During this hearing, as the Court may recall, the Defendant indicated that she had decided <u>against</u> representing herself *pro se* and therefore requested new counsel be appointed for her. Accordingly, the Court directed Ms. West to transfer the discovery she had received from the government to the Federal Public Defender's Office in Washington, D.C., which would

search for an attorney available to represent the Defendant at the then-scheduled trial date of November 28, 2022. *See id.* That same day, Ms. West emailed the parties and Chambers to notify them that Jeff Levin of the Federal Public Defender's Office in New Hampshire would be taking over Ms. Niemela's representation.[1] *See* Attachment A.

Approximately a month later, on September 6, 2022, the Court held a video status conference in which A.J. Kramer, the Federal Public Defender of D.C., stood in as counsel for Ms. Niemela and notified the Court that he was still working on finding court-appointed counsel that could make the November 28, 2022 trial date work. *See* Sept. 6, 2022 Minute Entry. Three weeks later, on September 28, 2022—the day <u>before</u> the government filed the motions Niemela complains about—the Court held another video status conference in which Rick Monteith, a CJA attorney arranged by Mr. Kramer, appeared on behalf of Ms. Niemela. Sept. 28, 2022 Minute Entry. During this hearing, Mr. Monteith advised that he was working on obtaining his admission to the District for the District of Columbia *pro hac vice* and would file his formal Notice of Appearance as soon as that was done. He further advised that his partner Rick Garrity would also be representing Ms. Niemela, but that they could not make the November 28 trial date work due to a conflict and because they had not yet received the discovery file from prior counsel.

Accordingly, the government filed an Unopposed Motion to Exclude Time Under the Speedy Trial Act, ECF No. 42, to allow Mr. Monteith and Mr. Garrity time to review discovery, file pretrial motions as appropriate, and engage in discussions with the government regarding a potential reverse proffer and/or renewed plea offer. The Court granted the motion in a

---

[1] As the subsequent proceedings show, however, Mr. Levin did not take on Niemela's representation because his schedule could not accommodate the trial date.

September 30, 2022 Minute Order, excluding time between September 28 and November 28, 2022.

On September 29, 2022—i.e., the day <u>after</u> Mr. Monteith appeared on Ms. Niemela's behalf in open court—the government filed four of the motions *in limine* referenced by Niemela in the instant motion. *See* Def.'s Mot. at 2-3 (citing ECF Nos. 44-47). The government filed one additional motion *in limine* on September 30, 2022. *See* ECF No. 48. In an abundance of caution and recognizing Mssrs. Monteith and Garrity's court admission and related ECF issues, the government sent courtesy copies of its recently-filed motions to them via email on October 5, 2022. *See* Attachment B.

Another video status conference was held with Mssrs. Monteith and Garrity on October 6, 2022, and Mr. Monteith filed his formal Notice of Appearance the next day.[2] ECF No. 50. On November 2, 2022, Mssrs. Monteith and Garrity filed a motion to continue the trial and pretrial deadlines, ECF No. 55, which the Court granted via a November 4, 2022 Minute Order. Trial was reset for January 23, 2023. The parties thereafter submitted a Joint Status Report and Proposed Pretrial Schedule, ECF No. 60, on November 22, 2022, and defense counsel filed two motions *in limine*, ECF Nos. 63-64, and a motion to change venue, ECF No. 65, on December 6, 2022, pursuant to the Court's revised pretrial motions schedule.[3]

As the above timeline makes clear, the Defendant's prior counsel received the government's motions *in limine* while they were representing the Defendant and had more than sufficient time—at least three-and-a-half months, between receiving them by email on October 5, 2022 and the January 23, 2023 trial date—to respond to them as they deemed appropriate in the

---

[2] Mr. Garrity filed his formal Notice of Appearance on October 26, 2022. ECF No. 54.
[3] The Court's revised pretrial scheduled order also provided for defense counsel to respond to the government's pending motions *in limine* by December 6, 2022. *See* Dec. 1, 2022 Minute Order.

exercise of their strategic judgment.  In other words, the Defendant was not *pro se* <u>at any point</u> after the government's motions were filed, and therefore her "constitutional due process rights" could not have been adversely affected.  *See* Def.'s Mot. at 2, 4.  Because the underlying premise for continuing the hearing is factually inaccurate, the Court should not entertain granting the motion on this basis.[4]

### III.     Defense Counsel Has Had Ample Time to Prepare for Sentencing.

Post-trial, Niemela decided to change counsel and retain John Pierce of The John Pierce Law Firm "for sentencing and appeal purposes."  Def.'s Mot. at 2.  Mr. Pierce entered his formal Notice of Appearance, albeit in the wrong case, on February 14, 2023, *see United States v. Niemela et al.*, 22-cr-25 (APM), ECF No. 50, less than a month after the jury convicted Niemela on all counts.  *United States v. Eckerman, et al.*, 21-cr-623 (CRC), ECF No. 95.  After being advised by the government via email of the error, Mr. Pierce entered his appearance in the instant case that same day, ECF No. 99, three-and-a-half months before sentencing, which is scheduled for May 31, 2023.  Feb. 6, 2023 Minute Order.

On February 26, 2023, defense counsel emailed government counsel to seek their position on a late filing of a motion for a new trial.  The government responded the next day that it opposed the motion both substantively and as untimely.  Niemela never filed the motion.

Transcripts of Niemela's jury trial became available on the docket on March 2, 2023.  *See* ECF Nos. 106-109.  The United States Probation Office ("Probation") filed its draft pre-sentencing investigation report ("Draft PSR") on April 26, 2023, noting that Niemela was "waiving the presentence interview," and that defense counsel would "draft their own

---

[4] Additionally, any alleged defects related to Niemela's claimed inability to respond to the motions *in limine* and present a defense are a subject for *habeas* proceedings, not good cause to delay sentencing.

presentence report." Draft PSR, ECF No. 116 ¶ 72.  Probation further stated that Niemela had not returned any forms for release of information that typically form part of Probation's presentence investigation.  *Id.*  Despite her statement to Probation, Niemela has not filed her own version of a presentence report.

In short, Ms. Niemela's current counsel has had this case for three months.  The public dockets for the relevant cases have been available to him for the same amount of time, since he entered his Notice of Appearance on February 14, 2023.  He thus has had plenty of time to understand the procedural record and review the transcripts of the four-day jury trial, which became available to him over two months ago, on March 2, 2023.

Moreover, while the government does not contest that Mr. Pierce may have had some involvement with the Proud Boys trial handled by his partner, Roger Roots, Mr. Pierce did not appear in that case and no information has been presented to the Court to suggest that Mr. Pierce could not and cannot now prepare sufficiently to address the sentencing guidelines and § 3553(a) factors by May 24, 2023, when sentencing memoranda are due in this misdemeanor case. Accordingly, even from a purely logistical standpoint, Niemela has presented no reasonable basis to continue her sentencing hearing.

## IV.   Conclusion

For the foregoing reasons, the Court should deny the Defendant's Motion to Postpone Sentencing Hearing, ECF No. 117.

Respectfully submitted,<br>
MATTHEW M. GRAVES<br>
UNITED STATES ATTORNEY

By:        */s/ Jessica Arco*  
        JESSICA ARCO  
        D.C. Bar No. 1035204  
        Trial Attorney, Detailee

601 D St., NW
Washington, D.C. 20530
Telephone: 202-514-3204
jessica.arco@usdoj.gov

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Florida Bar No. 1026025
Assistant United States Attorney, Detailee
601 D St., NW
Washington, D.C. 20530
Telephone: (813) 274-6370
michael.gordon3@usdoj.gov