UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **KIRSTYN NIEMELA**, <br><br> Defendant. | Case No. 21-cr-623-2 (CRC) |

**OPINION AND ORDER**

Defendant Kirstyn Niemela was convicted on January 26, 2023 of four misdemeanor counts relating to her conduct at the United States Capitol on January 6, 2021. The Court set Niemela's sentencing hearing for May 31, 2023, with sentencing memorandums due by May 24, 2023. Niemela now moves to postpone the sentencing hearing, contending primarily that she was not afforded notice of the Government's pre-trial motions in limine and that the Government did not adequately charge her. The Court will deny the motion.

First, Niemela posits that she was never served a number of the Government's pre-trial motions, some of which were filed after Niemela's originally appointed counsel withdrew from the case but before her two trial counsel noticed their appearances. On August 10, 2022, the Court permitted Niemela's original appointed counsel to withdraw from the case in light of a breakdown in communication between her and Niemela. See Minute Entry (Aug. 10, 2022). Before Niemela's new appointed counsel—Richard Monteith and Paul Garrity—noticed their appearances on October 7 and October 26, see ECF Nos. 50, 54, the Government filed five motions in limine on September 29 and 30 and an unopposed motion for a protective order governing discovery on October 7, see ECF Nos. 44–49. Following trial, Niemela retained her current counsel to represent her for sentencing, and Mr. Monteith and Mr. Garrity withdrew from the case. See ECF Nos. 100–101. From this timeline, Niemela's present counsel infers that

Niemela must have been proceeding pro se between August 10 and October 7 and that the Government's motions were never properly served on her.

That inference is mistaken. On August 10, the Court directed Niemela's original counsel to contact the Federal Public Defender's Office to arrange for the appointment of new counsel and to hand off defendant's discovery. Minute Entry (Aug. 10, 2022). The Public Defender's Office required some time to locate new counsel, but Mr. Monteith was acting as Niemela's representative at least as of September 28, 2022, when he appeared on her behalf at a status conference and consented to the Government's motion to exclude time under the Speedy Trial Act. See Minute Entry (Sept. 28, 2022); Motion to Exclude Time Under the Speedy Trial Act, ECF No. 42 (Sept. 28, 2022) (referring to Mr. Monteith and Mr. Garrity as "counsel for defendant Niemela"). Although Mr. Monteith and Mr. Garrity had not yet noticed their appearances on the docket, the Government served its September 28 and 29 motions in limine on them via email on October 5. See Opp., Attach. B. Mr. Monteith and Mr. Garrity subsequently noticed their appearances, and the Court continued both the trial and the motion in limine deadlines to ensure that Niemela would have ample time to address pre-trial issues with her new counsel. See Minute Order (Nov. 4, 2022) (continuing trial); Minute Order (Nov. 23, 2022) (setting new pre-trial motions deadlines). Niemela's trial counsel then filed two motions in limine and a motion to change venue on her behalf, see ECF Nos. 63–65, and addressed the Government's motions with the Court and Government counsel in a pre-trial hearing, see Transcript of Jury Trial at 309–22, ECF No. 107 (Mar. 2, 2023). In other words, Niemela was fully and adequately represented for purposes of contesting the Government's pre-trial motions, and the Government provided her counsel with its motions. That the Government did not separately serve the motions on Niemela herself is beside the point.

Second, Niemela asserts that the Court "never acquired jurisdiction" over her because no charging document ever accused her of committing the elements of the charged crimes, including that she was knowingly present in a restricted area on January 6. See Mot. at 4–7. Niemela, however, mistakenly points to the criminal complaint in a *different* case brought against her, which was dismissed on the Government's motion after she was charged by indictment in *this* case. See Order, United States v. Niemela, No. 22-cr-25 (May 16, 2022), ECF No. 39. Niemela also objects that the criminal complaint in this case, which focused on her erstwhile co-defendant Michael Eckerman, made no mention of her. True, but irrelevant. The Government filed a superseding indictment charging Niemela with the four misdemeanors of which she was convicted at trial. See Superseding Indictment, ECF No. 24 (Apr. 27, 2022) (charging, among other things, that Niemela "did unlawfully and knowingly enter and remain in a restricted building and grounds"). "The fact that the charging document," such as the indictment here, "alleges a violation of federal law is enough to establish subject matter jurisdiction." United States v. Jabr, No. CR 18-0105 (PLF), 2019 WL 13110682, at *5 (D.D.C. May 16, 2019); accord See United States v. Fahnbulleh, 752 F.3d 470, 476 (D.C. Cir. 2014) ("[I]f an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry." (alteration in original) (quoting United States v. George, 676 F.3d 249, 259 (1st Cir. 2012))); United States v. Munchel, No. 1:21-CR-118-RCL, 2023 WL 2992689, at *1 (D.D.C. Apr. 18, 2023) (explaining that an indictment must "inform the defendant of the 'precise offense' he is accused of so that 'he may

prepare his defense'" but "need not include detailed allegations" (quoting United States v. Verrusio, 762 F.3d 1, 13 (D.C. Cir. 2014))).[1]

Last, Niemela's counsel cursorily asserts that he needs more time to prepare for sentencing because a different lawyer associated with his firm, Roger Roots, has been busy at trial representing a defendant in a different case involving January 6, which (contrary to counsel's representations) concluded nearly a week before the filing of this motion. Counsel does not, however, contend that he has assisted Mr. Roots in that case or explain why Mr. Roots's schedule has any bearing on his own ability to prepare for the sentencing in this case. To the contrary, counsel has had more than ample time to prepare for a sentencing in this misdemeanor-only case. Counsel noticed his appearance on February 14, 2023, three months ago, and the transcripts of the trial, which lasted only four days including voir dire, became available only two weeks later. The Court sees no reason to continue the sentencing hearing in this case.

---

[1] To the extent Niemela is attempting to use this continuance motion as a back door to challenging the sufficiency of the evidence at trial, such a motion is untimely by three months. See Fed. R. Crim. P. 29(c)(1) (motion for judgment of acquittal due within 14 days of verdict); id. R. 33(b)(2) (motion for new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict"). Niemela's motion also twice mentions a petition for writ of coram nobis, Mot. at 4, 7, an equitable writ that permits federal courts to set aside a conviction and sentence which, "for a valid reason, never should have been entered," United States v. Hansen, 906 F. Supp. 688, 692 (D.D.C. 1995). The Court does not understand the present motion to be a such a petition, but in any event, Niemela's motion makes no effort to demonstrate any entitlement to that discretionary relief, including showing that any purported error in her prosecution was "of the most fundamental character." Hansen, 906 F. Supp. at 693 (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 117] Defendant's Motion to Postpone Sentencing Hearing is DENIED.  The Sentencing Hearing is set for May 31, 2023 at 10:00 AM in Courtroom 27A, and sentencing memorandums are due by May 24, 2023.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: May 16, 2023