**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Criminal Case No.** |
| | ) | |
| **Complainant** | ) | **1:21-cr-00623  (CRC)** |
| | ) | |
| **v.** | ) | **1:22-cr-00025 (APM)** |
| | ) | |
| **KIRSTYN NIEMELA,** | ) | |
| | ) | |
| **Defendant** | ) | |

_____

**DEFENDANT KIRSTYN NIEMELA's NOTICE OF ADDITIONAL LEGAL**
**AUTHORITY IN SUPPORT OF HER SENTENCING MEMORANDUM**

Plaintiff KIRSTYN NIEMELA ("Niemela") by undersigned counsel, hereby submits this

Notice of Additional Legal Authority on sentencing.

As fleshed out by the exchange of Memoranda and pleadings, the Government and the

Defendant are in disagreement on only four (4) major items:

1)  The Defendant was charged and convicted of four (4) misdemeanors arising from the same

identical alleged conduct, which Defendant contends was not proven by the evidence at

trial, but for the purposes of sentencing are presumed accurate.   Two of misdemeanors are

Class B punishable by a maximum of 6 months only, but are effectively the same conduct.

Two of the misdemeanors are Class A punishable by a year in jail, but they are also

effectively the same conduct as each other and the same conduct as the two Class B

misdemeanors.

However, the Probation Office and the Government has proposed an assignment of

ten (10) points under the U.S. Sentencing Guidelines even though the four misdemeanors

1

are merely four different legal causes of action (although even at that still nearly identical in legal concept) addressing the exact same alleged conduct.  Defendant disputes that the Government attempting four different legal approaches to get a conviction from the same conduct can be counted separately for the purposes of sentencing.

Defendant contends that 10 base offense points is excessive.  All 4 counts sound in trespass.  Defendant Niemela was never charged with nor shown to have committed any damage to anything, harmed anyone, or committed any violence.  Therefore trespass is the only category that reasonably applies under the Guidelines.

Offense points of between 2 or at most 4 points collectively are correct for all four legal theories addressing the same conduct.

2) The Probation Office and the Government recite some minor yelling in a bar and one alleged touching issue which are time-barred and topic-barred under the U.S. Sentencing Guidelines, which should not be mentioned at all for that reason.  The documents include a hearsay comment from an ex-fiancee which is not only suspect but not appropriate for inclusion and mention here.  However, the Government assigns 0 points in terms of criminal history under the U.S. Sentencing Guidelines.  So the recitations are prejudicial but the Government has not calculated any points from them.

However, for a September 2019 incident that came before a court in October 2019, Case No. 459-2021-CR-03791 in Nashua, New Hampshire, the Government assigns a sentencing point of 1.  However, this case was a deferred disposition or "placed on file without finding."[1]  The problem is that different States can have different analyses about

---

[1]     The colloquial reference within the legal community is as if a judge were to stick the paperwork in a drawer and ignore it if there are no further incidents during the time period set, and the file is effectively discarded, never really filed, and never acted upon if the Defendant does not come back before the court.

whether that counts as a conviction or not.  In Virginia, for example, a deferred disposition might count as a conviction.  But in New Hampshire we do not know.  The Government has not attempted to establish that Case No. 459-2021-CR-03791 counts as a conviction under New Hampshire law.  If not, it cannot be considered during sentencing.

3) The USAO is attacking Defendants' Sixth Amendment rights to counsel including to raise funds through a legal defense fund.  Specifically, off-the-shelf donation websites like GiveSendGo confusingly report the total amount of money ***ever*** raised and confuse this as funds sitting on deposit at GiveSendGo.  The Government has made no attempt to prove that any money at all remains available unspent, or that any of these funds were not spent for legal, attorneys' fees, court-related expenses of family such as traveling to court, and/or the loss of the Defendant's income and other hardship upon innocent family members not charged with any crime.  Defendant objects and will appeal this gambit.

4) The Government continues to argue for sentencing purposes that Kirstyn Niemela's expression of political beliefs, protected under the First Amendment to the U.S. Constitution, can be considered for being punished.  These are not statements being used as evidence of a non-speech crime.  The Government is asking the Court to punish the pure free speech expression merely for Niemela espousing unapproved or unpopular political beliefs that diverge from the political beliefs of the U.S. Attorney's Office for the District of Columbia, such as statements made ***after*** January 6, 2021.

Remorse must be for conduct that transgresses the law, not for failing to agree with the USAO's politics.  Since the only thing Niemela is guilty of before the Court is trespassing, only her remorse for trespassing can be considered by the Court.  Remorse for disagreeing with her masters in the Government are not before this Court.

Accordingly, with regret for having to reschedule the previously-scheduled hearing, and

seeing that ***it may be possible to narrow the issues on sentencing*** (even though Defendant is likely to

appeal), counsel had staff research this issue under (1):

> Smith's next two arguments, however, are more compelling. To see why, we
> must begin with the method by which the District Court calculated its
> departure. The trial court treated each of the three alleged frauds as separate
> crimes and inquired how Smith would have been sentenced, pursuant to the
> "grouping" rules of U.S.S.G. 3D, had he been convicted of all three.
>
> * * *
>
> "III. CONCLUSION
>
> For the reasons given above, we affirm Smith's conviction under 18
> U.S.C. 208(a), but vacate his sentence and remand the case for resentencing
> consistent with this opinion.

*U.S. v. Smith*, 267 F.3d 1154, 1163-1165 (D.C. Cir. 2001)

> While the district court provided a detailed explanation of its findings and
> conclusions in its Sentencing Memorandum and Order, it did not address the
> issue of grouping. It is clear, however, that the district court did not group and
> instead treated each offense discretely. This failure to group the offenses was
> a fundamental error by the district court, consequently, Lewis' sentence in this
> case must be set aside and the case remanded for resentencing.

*U.S. v. Lewis*, 200 F.3d 1177, 1178 (8th Cir. 1999)

> I. The District Court Erred in Not Grouping Rafal's Two Counts of
> Conviction
>
> When a defendant is convicted of multiple counts, the sentencing
> guidelines provide rules for grouping the offenses together "to limit the
> significance of the formal charging decision and to prevent multiple
> punishment for substantially identical offense conduct." U.S.S.G. ch. 3, pt. D,
> introductory cmt.
>
> Counts must be grouped when they involve "substantially the same
> harm." Id. at § 3D1.2. One way that counts can involve substantially the same
> harm is "[w]hen one of the counts embodies conduct that is treated as a

specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." Id. at § 3D1.2(c). The sentencing guidelines address the situation presented here in an application note, stating that "use of a firearm in a bank robbery and unlawful possession of that firearm are sufficiently related to warrant grouping of counts under this subsection." Id. at § 3D1.2 cmt. n.5; see also United States v. Gelzer, 50 F.3d 1133, 1144 (2d Cir. 1995) ("[T]he unlawful possession of a firearm is grouped with armed robbery because the conduct embodied in possessing a firearm is substantially identical to the specific offense characteristic of possessing that firearm during a robbery.").

*United States v. Rafal*, No. 17-4107 (10th Cir. Sep 07, 2018)

Critical to this appeal is U.S.S.G. § 3D which outlines a process for determining a single offense level to encompass multiple counts. Section 3D1.1(a) provides that "[w]hen a defendant is convicted of more than one count, the court shall: (1) Group the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in § 3D1.2." Id. at § 3D1.1(a)(1) (emphasis added). Section 3D1.2 states that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." Id. at § 3D1.2 (emphasis added). Offenses involve "substantially the same harm" if they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." Id. at § 3D1.2(b).

We find the three counts in this case involve "substantially the same harm" because all three involve the same victim, Robert Lee Warner ("Warner"), substantially the same time frame, 1994 through 1997, and the same conduct, the concealment and harboring of Warner in South Dakota. Consequently, pursuant to the Guidelines the three counts should have been grouped.

While the district court provided a detailed explanation of its findings and conclusions in its Sentencing Memorandum and Order, it did not address the issue of grouping. It is clear, however, that the district court did not group and instead treated each offense discretely. This failure to group the offenses was a fundamental error by the district court, consequently, Lewis' sentence in this case must be set aside and the case remanded for resentencing.

*U.S. v. Lewis*, 200 F.3d 1177, 1178-1179 (8th Cir. 1999).

B. Grouping Issue

The district court correctly grouped the embezzlement counts with the money laundering count pursuant to U.S.S.G. § 3D1.2(b).

During the sentencing proceeding, the district judge correctly noted that part of the issue in this case is determining the propriety of grouping of the money laundering count with the embezzlement counts. The PSR grouped the money laundering count with the embezzlement counts pursuant to U.S.S.G. § 3D1.2(b) because both offenses involved the same victim and several transactions which were connected by a common scheme or plan.13 Because the counts were grouped under U.S.S.G. § 3D1.2(b), the PSR calculated Defendant's sentence according to the offense level for money laundering because that count had a higher offense level than the embezzlement count. See U.S. Sentencing Guidelines Manual § 3D1.3(a).14

The issue of grouping the embezzlement counts with the money laundering count is also one of first impression in the Sixth Circuit.

The district judge relied on United States v. Wilson, 98 F.3d 281 (7th Cir. 1996), for the proposition that fraud-type offenses such as embezzlement should be grouped with the money laundering count. However, the Wilson court grouped a money laundering count under 18 U.S.C. § 1956 with a mail fraud count pursuant to U.S.S.G. § 3D1.2(d), whereas Defendant's money laundering count under 18 U.S.C. § 1957 was grouped with his embezzlement counts pursuant to U.S.S.G. § 3D1.2(b). This difference is important because when grouping is accomplished pursuant to U.S.S.G. §3D1.2(b), the offense level for each offense in the group, including enhancements, is calculated individually, and then the counts are grouped. See U.S. Sentencing Guidelines Manual § 3D1.3, cmt. n.2 ("When counts are grouped pursuant to § 3D1.2(a)-(c) . . . it is necessary to determine the offense level for each of the counts in a Group in order to ensure that the highest is correctly identified."). That is how the PSR calculated Defendant's sentence in this case. If counts are grouped under U.S.S.G. § 3D1.2(d), however, adjustments, including the abuse of trust enhancement, are applied "based upon the combined offense behavior taken as a whole." U.S. Sentencing Guidelines Manual § 3D1.3, cmt. n.3. If the PSR in this case should have used U.S.S.G. § 3D1.2(d), it would affect the offense conduct guideline under which Defendant's sentence should have been calculated and would also result in serious double counting issues. See infra Part III.C.1.

A close reading of Wilson, combined with other caselaw surrounding this issue, reveals that Defendant's money laundering count was properly grouped with his embezzlement counts pursuant to U.S.S.G. § 3D1.2(b). In Wilson, defendant was convicted of mail fraud and money laundering in violation of 18 U.S.C. § 1956 after conducting a Ponzi scheme that defrauded forty-eight victims out of more than three million dollars. The Seventh Circuit

grouped the money laundering count and the mail fraud count under U.S.S.G. § 3D1.2(d) because the offense conduct guidelines for both counts, see U.S.S.G. §§ 2F1.1, 2S1.1, had offense levels that were "determined largely on the basis of the total amount of [monetary] harm or loss." U.S. Sentencing Guidelines Manual § 3D1.2(d).

The Seventh Circuit then proceeded to refute the Government's contention that the two offenses involved different victims and therefore should not have been grouped. In its analysis of this issue, the court justified its decision to group the two offenses by stating that "the money laundering in this case served to perpetuate the very scheme that produced the laundered funds." Wilson, 98 F.3d at 283-84. However, grouping under U.S.S.G. § 3D1.2(d) finds no basis on this rationale; this rationale more directly implicates U.S.S.G. § 3D1.2(b), which groups counts involving "the same victim and two or more acts . . . constituting part of a common scheme or plan." Moreover, the court buttresses its decision to group the offenses pursuant to U.S.S.G. §3D1.2(d) with caselaw that groups money laundering and fraud under U.S.S.G. § 3D1.2(b). See Wilson, 98 F.3d at 284 (citing United States v. Leonard, 61 F.3d 1181 (5th Cir. 1995) (grouping fraud and money laundering under U.S.S.G. §3D1.2(b)); *United States v. Cusumano*, 943 F.2d 305 (3d Cir. 1991) (grouping embezzlement and money laundering under U.S.S.G. § 3D1.2(b))).

*U.S.A. v. Young*, 266 F.3d 468, 481-483 (6th Cir. 2001)

Section 3D1.2 of the Guidelines instructs that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2. Separate counts involve "substantially the same harm" when, inter alia, the "counts involve the same victim and the same act or transaction" or the "counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." Id. § 3D1.2(a)-(b). The commentary reveals that counts are to be grouped together under the guideline when: (1) "they represent essentially a single injury or are part of a single criminal episode or transaction involving the same victim"; or (2) they "are part of a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim ... even if they constitute legally distinct offenses occurring at different times." Id. § 3D1.2 cmt. n. 3 & n. 4.

*U.S. v. Wise*, 447 F.3d 440, 445-446 (5th Cir. 2006)

VI. Runyan's Sentencing Claim

Runyan's final claim of error alleges that he was incorrectly sentenced. The district court grouped three of Runyan's four counts of conviction. Count one (sexual exploitation of a child) was considered by itself, while the three remaining counts (receipt, distribution, and possession of child pornography) were grouped together. In the sentence calculation for the group of offenses, Runyan received a five-level enhancement for "engag[ing] in a pattern of activity involving ... sexual exploitation of a minor." Accordingly, Runyan contends that his exploitation offense was, in effect, "double counted." Such "double counting" is contrary to Section 3D1.2(c) of the Sentencing Guidelines, which provides that counts of conviction should be grouped "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S. Sentencing Guidelines Manual § 3D1.2(c) (1998).

This "double counting" increased Runyan's sentence. As determined in the presentence report ("PSR"),19 the adjusted offense level for sexual exploitation of a minor was 33. The adjusted offense level for the grouped offenses (receipt, distribution, and possession of child pornography) was 37. Pursuant to Section 3D1.3(a), this group offense level was calculated based on the distribution charge, the most serious of the three counts comprising this group.20

Because Runyan was convicted of multiple counts that were grouped separately, the PSR calculated Runyan's combined offense level under Section 3D1.4. See id. § 3D1.4. Pursuant to the formula provided in this section, the greater of Runyan's offense levels (i.e., 37) was increased by two for a combined offense level of 39. This offense level resulted in a total punishment range of 262-327 months. Had the counts of conviction been properly grouped by the district court into a single group, this two-level increase under Section 3D1.4 would not have applied. Thus, Runyan's offense level would have been 37, corresponding to a total punishment range of 210-262 months.

*U.S. v. Runyan*, 290 F.3d 223, 251-252 (5th Cir. 2002)

Dated:  June 3, 2023                    RESPECTFULLY SUBMITTED
                                        **KIRSTYN NIEMELA,** *By Counsel*


_____/s/__John M. Pierce_____
John M. Pierce, Esq.
John Pierce Law Firm

8

21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this brief is being filed on this June 3, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MICHAEL MATTHEW GORDON, ESQ.
DOJ-USAO
U.S. Department Of Justice
400 North Tampa Street, Suite 3200
Tampa, FL 33602
(813) 274-6370
**michael.gordon3@usdoj.gov**


_____/s/_____
John M. Pierce, Esq.

9