IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. |
| Complainant | ) | 1:21-cr-00623 (CRC) |
| v. | ) | 1:22-cr-00025 (APM) |
| KIRSTYN NIEMELA, | ) | |
| Defendant | ) | |

**MOTION FOR RECONSIDERATION OF MOTION TO STAY IMPRISONMENT
PENDING THE OUTCOME OF HER APPEAL**

Counsel for defendant KIRSTYN NIEMELA ("Niemela"), John Pierce and Roger Roots, hereby move for reconsideration of Niemela's oral motion for stay of Niemela's sentence of incarceration pending the out come of her appeal.

Under the rule of

Niemela was convicted after a jury trial of four victimless, nonviolent riot-presence-related misdemeanors, two of which are petty misdemeanors. Yet she was sentenced to serve a total of eleven (11) months in custody, pursuant to a guideline range that applies to <u>felony assaults</u> (even skipping over a base offense level applicable to misdemeanor assaults, which wouldn't have applied in any case). Plainly, Niemela has a high likelihood of success on appeal, and qualifies for a stay of imprisonment under 18 U.S.C. § 3143(b)(1), as she "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence.

The Court is familiar with the facts of Niemela's case. Niemela entered the U.S. Capitol on January 6, 2021 amidst hundreds of others, <u>via an open, unguarded, unstaffed doorway</u>. Niemela did not jump up and down, did not elbow or push anyone (let alone any officer), did not touch, damage or move any property, did not litter, did not yell or shout, and did not threaten or admonish any official or officer. Niemela voluntarily left the building without being forced to do so. At

most, there was evidence of Niemela's entry amidst some alarm noises. (The State makes a big point of Niemela "moving forward" toward the front of the crowd, but Niemela is short of stature; and moving forward in a crowd is not a crime of any kind.)

Note that Niemela's contemporary (or even post-event!) Facebook or social media posts criticizing government or saying politicians belong in "Gitmo" or such, *do not constitute evidence* of disorderly conduct, picketing or parading, or unlawful entry and remaining on January 6, <u>or any of the crimes Niemela was convicted of</u>. (If the government thought it could prosecute Niemela for other crimes it was and is free to do so.) Niemela challenges the relevance of such evidence even at sentencing. Niemela's political ideas or philosophy should not have been used against her at sentencing to incarcerate her for almost a year of her life.

Niemela's appeal will "raise a substantial question of law or fact likely to result in" a reduced or probationary sentence, this Court should deny his motion. 18 U.S.C. § 3143(b)(1). She was sentenced plainly unlawfully.

Dated June 15, 2023

Respectfully Submitted,
<u>/s/ John M. Pierce</u>
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel:(213) 400-0725
Email:jpierce@johnpiercelaw.com

<u>/s/ Roger I. Roots</u>
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
<u>Email:rroots@johnpiercelaw.com</u>

CERTIFICATE OF SERVICE

I hereby certify that, on June 15, 2023, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce
