UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 1:21-cr-623 (CRC) |
| KIRSTYN NIEMELA, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION TO STAY IMPRISONMENT PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Kirstyn Niemela's motion for reconsideration of her oral motion to stay imprisonment pending appeal, ECF 144 ("Def.'s Mot."), as well as the related claims presented in Defendant's (former) counsel's pending motion to withdraw, ECF 147. Defendant has not articulated any valid ground for her motion for reconsideration. *See United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) Moreover, with respect to her underlying request to stay imprisonment pending appeal, she has failed to raise any substantial question of law or fact, as required under 18 U.S.C. § 3143(b)(1), let alone one likely to result in reversal on all counts, as required by binding precedent. *See United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988). The Court should deny her motion for reconsideration accordingly.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On January 26, 2023, after a four-day trial, a jury convicted Defendant of four misdemeanors: violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds) (Count 3); 18 U.S.C. § 1752(a)(2) (Disorderly or Disruptive Conduct in a Restricted Building or Grounds) (Count 4); 40 U.S.C. § 5104(e)(2)(D) (Disorderly or Disruptive Conduct on Capitol Grounds or in any of the Capitol Buildings) (Count 6); and 40 U.S.C. §

5104(e)(2)(G) (Parading, Demonstrating, or Picketing in any of the Capitol Buildings) (Count 8). ECF 94-96. To avoid unnecessary exposition, the Government refers to the general summary of the attack on the U.S. Capitol contained in the background facts to which the parties stipulated at trial, Government's Trial Exhibit ("GEX") 1201; the summary of the trial evidence contained in the Government's sentencing memorandum, *see* ECF 122; and the summary of Defendant's post-conviction conduct detailed there as well, *see id.*

On June 8, 2023, the Court sentenced Defendant to concurrent terms of eleven months' imprisonment on Counts 3 and 4 and six months' imprisonment on Counts 6 and 8. *See* ECF 143. In determining the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G.") recommended range of imprisonment for Counts 3 and 4, the Court held that U.S.S.G. § 2A2.4 contained the applicable base offense level. In doing so, the Court agreed with the calculations made by the Government and the U.S. Office of Probation ("Probation") and rejected Defendant's contention that the § 2A2.4 Guideline was only appropriate for felony cases or assaultive conduct. *See* ECF 149.

The Court permitted Defendant to self-surrender to the Bureau of Prisons ("BOP") at a later date, to be determined by the BOP. Defendant orally moved to stay the imposition of her sentencing (i.e., her reporting date) until after the resolution of her appeal. The Court denied her motion. The instant motion for reconsideration followed. *See* Def.'s Mot.

Together, the motion for reconsideration and the motion to withdraw raise the following claims regarding Defendant's conduct and sentence:

- Defendant's conviction of "four victimless, nonviolent riot-presence-related misdemeanors" conflicts with the fact that "she was sentenced to serve a total of eleven (11) months in custody, pursuant to a guideline range that applies to <u>felony assaults</u> … ." Def.'s Mot. at 1 (emphasis in original); *see also* ECF 147 at 2 (making substantially the same claim).

- Defendant "entered the U.S. Capitol on January 6, 2021 amidst hundreds of others, <u>via an open, unguarded, unstaffed doorway</u>." *Id.* (emphasis in original).

2

- Defendant "did not jump up and down, did not elbow or push anyone (let alone any officer), did not touch, damage or move any property, did not litter, did not yell or shout, and did not threaten or admonish any official or officer." *Id.*; *see* ECF 147 at 1–2 (similarly juxtaposing Defendant's conviction and sentence with the types of conduct that she did not engage in on January 6).

- Defendant "voluntarily left the [Capitol] building." *Id.*

- *Contra* the Government's emphasis on the fact that Defendant moved toward the front of the mob after entering the Capitol, Defendant "is short of stature; and moving forward in a crowd is not a crime of any kind." *Id.* at 2.

- Defendant's "social media posts criticizing the government or saying politicians belong in 'Gitmo' or such, *do not constitute evidence* of disorderly conduct, picketing or parading, or unlawful entry and remaining on January 6, or any of the crimes [Defendant] was convicted of." *Id.* (emphasis in original).

- Defendant "challenges the relevance of such evidence even at sentencing." *Id.*

Apparently based on these assertions, Defendant claims, "Plainly, [Defendant] has a high likelihood of success on appeal, and qualifies for a stay of imprisonment under 18 U.S.C. § 3143(b)(1), as she 'raises a substantial question of law or fact likely to result in' a reduced or probationary sentence." Def.'s Mot. at 1 (no citation for quotation in original).

## II.  LEGAL STANDARD

### a. Motions for Reconsideration Are Typically Only Granted upon a Movant's Showing of New Evidence, a Change in Relevant Law, or Plain Error

"[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted). While motions for reconsideration are permitted "as justice requires," *Hassanshahi*, 145 F. Supp. 3d at 80 (internal quotation marks omitted), the bar for success is high. "The moving party bears the burden 'to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied.'" *United States v. Trabelsi*, Crim. No. 06–89 (RWR), 2015 WL 5175882, at *2 (D.D.C. Sept. 3, 2015) (quoting *United States v. Hemingway*, 930 F. Supp. 2d 11, 13 (D.D.C.2013)). "In making this determination, the Court considers whether it 'patently misunderstood a party, has

3

made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Hassanshahi*, 145 F. Supp. 3d at 80 (alteration in original) (internal citation omitted).[1]

> b. *To Prevail on Her Underlying Motion for Release Pending Appeal, Defendant Must Raise a Close Question that, If Decided in Her Favor, Would Likely Result in Reversal or a New Trial*

Release or detention of a defendant pending appeal is governed by 18 U.S.C. § 3143(b)(1), which provides that a district court "*must* detain a defendant pending appeal unless it finds: (1) by clear and convincing evidence that he [or she] is not likely to flee or pose a danger to the safety of any other person or the community if released, (2) that the appeal is not for the purpose of delay, *and* (3) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *United States v. Abou-Khatwa*, No. 18-CR-67 (TSC), 2022 WL 278770, at *2 (D.D.C. Jan. 31, 2022) (emphasis added). With respect to § 3143(b)(1) motions, the conviction's validity is presumed, and the defendant "bears the burden of rebutting that presumption." *Id.* (internal citations omitted).

---

[1] Other courts' standards for evaluating motions for reconsideration are also instructive. The Third Circuit has found that the purpose of motions for reconsideration "is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). The First Circuit has held similarly, writing that "motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). Articulating an even more exacting standard, the United States District Court for the Southern District of New York has found that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Gomez*, 2016 WL 2939163 at *2 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

In the context of § 3143(b)(1) motions, "'substantial question of law or fact' is a term of art." *United States v. Correia*, 597 F. Supp. 3d 476, 481 (D. Mass. 2022) (internal quotation omitted). The D.C. Circuit has defined that term as "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555 (internal quotations marks and footnote omitted). Indeed, *Perholtz* explicitly adopted this stricter standard over the alternative—simply a non-frivolous or fairly debatable question—"because it appears better to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id.* at 555–56 (internal quotations marks and footnote omitted). Thus, "if the Court cannot conclude that the defendant raises 'a close question or one that could very well have been decided the other way,' … it is bound to order that the defendant be detained." *Libby*, 498 F. Supp. 2d at 3–4 (quoting *id.* at 555).

Merely raising a "substantial question of law or fact" is insufficient for a convicted defendant to remain out of custody pending appeal, however. Under § 3143(b)(1), the question must not only be substantial but also be "likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Abou-Khatwa*, 2022 WL 278770 at *2. The D.C. Circuit has applied this requirement stringently, having stated in *Perholtz* that a defendant "*cannot* be released unless the appeal raises a substantial question *likely* to result in reversal of all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557 (emphasis added).

### III.    ARGUMENT

    *a. Because Defendant Has Not Pointed to Any Newly Discovered Evidence or Change in Law, Her Motion May Be Granted Only upon a Showing That This Court Plainly Erred in Denying Her Oral Motion to Stay Imprisonment Pending Appeal*

Defendant's motion for reconsideration fails to cite either newly discovered evidence or changes in law, *see* ECF 144, and thus should be rejected, *see Gomez*, 2016 WL 2939163 at *2 ("reconsideration will generally be denied unless the moving party" points to overlooked decisions or facts). The only remaining possible proper ground for Defendant's motion is a plain error in the initial decision—that is, this Court's denial of Defendant's original oral motion to stay imprisonment pending appeal.

    *b. Defendant Has Repeatedly Failed to Present Any Substantial Question of Law or Fact on Appeal*

To show such plain error, Defendant must establish that her appeal plainly "raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Abou-Khatwa*, 2022 WL 278770 at *2. Yet, Defendant's motion articulates *no* substantial question of law or fact at all, let alone such a materially impactful one. *See* Def.'s Mot. Defendant's motion contains only the bald, conclusory assertion that she "'has a high likelihood of success on appeal' … as she 'raises a substantial question of law or fact likely to result in' a reduced or probationary sentence," but that assertion is entirely unsupported by any factual or legal analysis. Def.'s Mot. at 1. The sole bases Defendant's motion seems to offer for her unsubstantiated claim are a variety of frivolous complaints which, taken together, amount to four assertions: (1) Defendant's sentence of eleven months' imprisonment is excessive given the nature of her crimes, Def.'s Mot. at 1; ECF 147 at 2; (2) Defendant did not engage in certain types of inflammatory conduct during her time

in the Capitol, Def.'s Mot. at 1; ECF 147 at 1–2; (3) the conduct Defendant did engage in is not particularly blameworthy, Def.'s Mot. at 1, 2; and (4) Defendant's social media activity does not constitute evidence of the crimes of which she was convicted, *id.* at 2. The government addresss each of these assertions in turn.

First, the Court's sentence of eleventh months' imprisonment on Counts 3 and 4 is not unreasonable. Sentences within the advisory guidelines range are presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and Defendant's eleven-month sentence falls within the six-to-twelve-month range for Counts 3 and 4 recommended by the Guidelines.[2] Defendant claims that § 2A2.4 only "applies to <u>felony assaults</u>." Def.'s Mot. at 1 (emphasis in original). However, after carefully considering the parties' oral arguments at sentencing, the Court rejected this reading and concluded that § 2A2.4 is the proper guideline for misdemeanor violations of 18 U.S.C. §§ 1752(a)(1) and (2). *See* Transcript of Defendant's Sentencing Hearing at 15–21; *see also United States v. Hector Vargas Santos*, 1:21-cr-47 (RDM), Sentencing Transcript, at 6:10–24:16 (reaching the same conclusion after a thorough discussion of the same issue). In both this case and *Vargas Santos*, Probation reached the same conclusion. *See, e.g.*, ECF 123 at 12. Despite the Court's determination at sentencing, the Court's explanation of its reasoning, and the parallel determination reached by other courts in this district, including Judge Moss in *Vargas Santos*, Defendant's motion cites no new or different law and raises no novel arguments demonstrating the inapplicability of § 2A2.4. *See* Def.'s Mot. Defendant's oral motion to stay imprisonment pending appeal therefore does not warrant reconsideration, as it does not offer any new argument for this Court to evaluate or any rationale for this Court to reverse its initial decision.

---

[2] The Presentence Investigation Report, which this Court adopted without change in its Statement of Reasons, ECF 143 at 1, reached this range by applying the offense guideline contained in U.S.S.G. § 2A2.4, the base offense level for which is 10. ECF 123 at 12.

7

Further, as the Government's sentencing memorandum lays out in detail, Defendant's eleven-month prison sentence accords with the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* ECF 122 at 18–29. As the government and the Court emphasized, Defendant participated in three separate breaches, including one near the House Chamber and demonstrated a complete lack of remorse for her conduct, giving the Court little comfort that she would not reoffend in a similar manner if the opportunity arose. Bare complaints about an in-guidelines sentence supported by sound sentencing principles do not constitute a "close question." *Perholtz*, 836 F.2d at 555. The argument that Defendant's sentence of eleven months' imprisonment is inappropriate is thus not a "substantial question of law or fact," 18 U.S.C. § 3143(b)(1), and does not support Defendant's motion for stay of imprisonment pending appeal.

Defendant's motion also emphasizes the types of conduct that Defendant did *not* engage in while in the Capitol—namely, that she "did not jump up and down, did not elbow or push anyone (let alone any officer), did not touch, damage or move any property, did not litter, did not yell or shout, and did not threaten or admonish any official or officer." Def.'s Mot. at 1. The claim that Defendant did not engage in these sorts of conduct is immaterial because the statutes under which Defendant was convicted do not require such conduct for conviction. If Defendant did cause property damage or assault an officer, the Government would have charged her for such conduct and, if convicted, the Court would have sentenced her accordingly. However, the claim that she did not engage in these activities does not contradict either her conviction or the bases for her sentence and does not constitute a "substantial question of law or fact." 18 U.S.C. § 3143(b)(1).

The third discernible, albeit generalized, claim in Defendant's motion is that her conduct on January 6 is not particularly blameworthy. Defendant emphasizes, for instance, that she "entered the U.S. Capitol on January 6, 2021 amidst hundreds of others, via an open, unguarded,

unstaffed doorway" and that she "voluntarily left the [Capitol] building." *Id.* (emphasis in original). Neither of the statutes under which Defendant was convicted, however, condition a defendant's guilt on the size of the crowd entering the restricted building or the characteristics of the doorway through which the defendant entered. Again, these assertions do not cast doubt on Defendant's convictions or the appropriateness of her sentence given her conduct and her failure to show remorse for it. This claim is not a "substantial question of law or fact" either. 18 U.S.C. § 3143(b)(1).

Finally, Defendant claims that "social media posts criticizing the government or saying politicians belong in 'Gitmo' or such, *do not constitute evidence* of disorderly conduct, picketing or parading, or unlawful entry and remaining on January 6, or any of the crimes [Defendant] was convicted of." *Id.* (emphasis in original). This contention is false. Defendant's social media activity before, during, and after her participation in the attack on the Capitol directly bears on the *mens rea* requirements of the statutes under which she was convicted. Defendant's violent comments regarding Congressmembers, for example, suggest that she intended to disrupt the certification of the results of the 2020 election. Defendant's challenge to "the relevance of such evidence" is thus frivolous and does not constitute a "substantial question of law or fact." 18 U.S.C. § 3143(b)(1).

In sum, Defendant's motion for reconsideration articulates no "substantial question of law or fact" raised on appeal, 18 U.S.C. § 3143(b)(1). Accordingly, this Court's original denial of Defendant's oral motion to stay imprisonment pending appeal was proper.

### IV.   CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion for reconsideration because she has failed to show sufficient grounds.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: */s/ Michael M. Gordon*
MICHAEL M. GORDON
Florida Bar No. 1026025
Assistant United States Attorney, Detailee
601 D St., NW
Washington, D.C. 20530
Telephone: (813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Jessica Arco*
JESSICA ARCO
D.C. Bar No. 1035204
Trial Attorney, Detailee
601 D St., NW
Washington, D.C. 20530
Telephone: 202-514-3204
jessica.arco@usdoj.gov