

LEAVE TO FILE GRANTED
[signature] CJDJ
7/6/23

United States District Court, District of Columbia

| | | |
|---|---|---|
| United States of America | ) | 1:21-cr-00623 (CRC) |
| v. | ) ) ) | **MOTION FOR JUDGMENT OF ACQUITTAL** |
| Kirstyn Ashley Niemela | ) ) ) | |

## MOTION

Kirstyn Ashley Niemela moves for judgment of acquittal on counts three, four, six and eight, pursuant Fed. R. Crim. P. 29(a). Both trial and post-conviction defense counsel knew, or should have known through due diligence, the Court's reserved judgment remained pending (Tr. Jan 25, 2023, P. 724 at 10-15). Representation by post-conviction counsel was terminated on 6/13/2023. The threshold issue was obvious after an initial review of the record, and my rights asserted forthwith.

## STATEMENT OF FACTS

1. I invoked the secured right to trial-by-way-of-jury, and proceedings began 1/24/2023.

2. Plaintiff rested its case-in-chief on 1/25/2023, and I motioned orally, through counsel, for judgment of acquittal.

3. Plaintiff did not bring forth a competent-fact-witness to testify at trial. Four witnesses were called and none testified to my real-world conduct on January 6, 2021.

4. Assistant U.S. Attorney Jessica Arco proceeded to testify throughout her opening statement in the presence of jury members. She did so uninterrupted by defense counsel objection.

5. At trial, I was denied the right to cross-examine any witnesses with first-hand knowledge my conduct met ALL criminal elements of counts three, four, six, and eight.

6. Plaintiff's first witness, Capitol Police Captain Tia Summers testified numerous times that she did not recognize the accused, when shown photos. Tr. Jan 25, 2023 P. 376 at 17-20, P. 413 at 2-8, P. 415 at 1-3, P. 416 at 1-7.

7. Plaintiff's second witness, Lieutenant Brooke Detorie testified numerous times that she did not recognize the accused, when shown photos. Tr. Jan 25, 2023 P. 486 at 5-9 and 17-19, P. 453 at 7-9, P. 449 at 12-14.

8. Two FBI agents that testified for the plaintiff were not located within the District of Columbia on 1/6/2021, therefore first-hand knowledge or injury is an impossibility. The agents only testified to hearsay and double hearsay.

9. The Court reserved judgment, despite having constructive notice that the plaintiff failed to bring forth a competent witness, therefore lacked standing to invoke the court's jurisdiction.

## AUTHORITY

1. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved. Fed. R. Crim. P. 29(b).

2. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(b).

3. ;To be confronted with the witnesses against him; U.S.A. Bill of Rights, Article the Eighth.

## CONCLUSION

Defendant must be acquitted of all charges. The plaintiff failed to bring forth an injured party to be cross-examined, therefore violating the Confrontation Clause and my right to test the

conscience of my accuser. The plaintiff further failed to bring forth a competent fact witness with first-hand knowledge of criminal conduct and intent. The court is without jurisdiction and Mr. Gordon and Ms. Arco should be sanctioned for abusing discretion.

### SERVICE

I, Kirstyn Ashley Niemela, affirm that on this 26th day of June 2023, a copy of the foregoing Motion for Judgment of Acquittal and Sworn Statement of Facts were delivered electronically to Mr. Michael M. Gordon (*Michael.gordon3@usdoj.gov*) and Ms. Jessica Arco (*jessica.arco@usdoj.gov*).

### AFFIRMATION

I affirm under penalty of perjury under the laws of the United States of America that the foregoing statement of facts is true and correct. Executed this 26nd day of June 2023

Kirstyn Ashley Niemela

All rights reserved

### JURAT

Subscribed and affirmed before me this 26th day of June 2023, near Hillsborough County, New Hampshire, by Kirstyn Ashley Niemela, in her own right. Attestor provided satisfactory evidence to verify identity and signature.

Subscribed and sworn to before me, in my presence, this 26th day of June, 2023, a Notary Public in and for the (county) (state) of Hillsborough, NH.

(signature)

[Notary seal: QUENTON X. MAYNARD, NOTARY PUBLIC, NEW HAMPSHIRE, COMM. EXPIRES 02/22/2028]