UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KIRSTYN NIEMELA,**<br><br>              Defendant. | Case No. 21-cr-623 (CRC) |

### MEMORANDUM OPINION AND ORDER

Defendant Kirstyn Niemela was convicted by jury trial of four misdemeanor counts relating to her involvement in the January 6, 2021 riot at the United States Capitol. After a hearing, the Court sentenced Niemela to eleven months incarceration and twelve months of supervised release. Since her sentencing, Niemela has filed a notice of appeal as well as multiple motions in this Court concerning her conviction and sentence. Specifically, Niemela filed a motion for reconsideration of her oral motion at sentencing to stay her imprisonment pending the outcome of her appeal. Acting *pro se*, Niemela has also filed a motion for a judgment of acquittal and letters asserting that she received ineffective assistance of counsel.[1] The Court will deny these motions.

### I.     Motion for Judgment of Acquittal

Under Federal Rule of Criminal Procedure 29, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Rather than decide a Rule 29 motion at the close of the

---

[1] Niemela filed these materials shortly after terminating her two sentencing counsel, who filed a motion to withdraw. See Mot. of Counsel to Withdraw, ECF No. 147. As the Court resolves in this opinion the last remaining motion filed by Niemela's sentencing counsel, the Court also now GRANTS their motion to withdraw as counsel.

1

Government's case in chief, the "court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict." Id. at R. 29(b). The Court must accept the jury's guilty verdict if, viewing the prosecution's evidence in the light most favorable to the Government, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Branham, 515 F.3d 1268, 1273 (D.C. Cir. 2008) (quoting United States v. Arrington, 309 F.3d 40, 48 (D.C. Cir. 2002)).

As an initial matter, it is unclear whether Niemela's motion is timely. At the close of the Government's case, the Court asked Niemela's trial counsel if they wished "to preserve your motion" for judgment of acquittal. Tr. of Jury Trial at 724, ECF No. 108. When counsel responded affirmatively, the Court stated that it would "reserve on the defense's Rule 29 motion until the jury has rendered a verdict in the case." Id. Niemela did not, however, renew her Rule 29 motion within 14 days after the jury rendered its verdict, as required by Federal Rule of Criminal Procedure 29(c)(1). Instead, she filed a *pro se* motion for judgment of acquittal weeks after her sentencing and months after the conclusion of the trial. Although the Court doubts the timeliness of Niemela's motion given her failure to renew the motion following trial, the Court acknowledges that the "Federal Rules are silent as to whether a reserved motion must be renewed." United States v. Wahl, 290 F.3d 370, 374 (D.C. Cir. 2002). The D.C. Circuit has not, to the Court's knowledge, decided "whether a waiver occurs when a defendant fails to renew a reserved motion at the close of all the evidence and the district court does not rule" *sua sponte* on

the reserved motion.  Id.  Accordingly, out of an abundance of caution, the Court will briefly address Niemela's motion.[2]

As the Court observed at sentencing, this "was not a very close case."  Sentencing Tr. at 83, ECF No. 149.  The jury convicted Niemela of four misdemeanors—entering or remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); disorderly or disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2); disorderly or disruptive conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G).  To support a conviction of these charges, the Government had to show beyond a reasonable doubt that Niemela knowingly entered the Capitol without authority to do so, that she intentionally engaged in conduct that would (and did) impede or disrupt the orderly conduct of Government business (i.e., Congress's certification of the 2020 Presidential election results), and that she willfully paraded, demonstrated, or picketed in the Capitol.  The evidence at trial was more than sufficient to support her convictions.  Through witness testimony, extensive video footage, and evidence from her social media accounts, the Government showed evidence that Niemela marched past blaring alarms and broken glass windows to enter the Capitol, that she and two others traveling with her surged to the front of and then crossed at least three police lines, and

---

[2] Although the filing of a notice of appeal typically "divests the district court of its control over those aspects of the case involved in the appeal," Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982), the Federal Rules of Appellate Procedure provide that a notice of appeal filed after the Court announces a sentence "but before it disposes of" a timely Rule 29 motion "becomes effective upon the later of" either the entry of judgment or the entry of an order disposing of the Rule 29 motion.  Fed. R. App. P. 4(b)(3)(B).  Therefore, assuming Niemela did not need to renew her oral motion for a judgment of acquittal made at the close of the Government's case, the Court understands that it has jurisdiction to decide that motion now and that Niemela's notice of appeal will be effective, without amendment, upon the disposition of the motion.  Fed. R. App. P. 4(b)(3)(B)–(C).

that she was aware that Congress was slated to certify the election on January 6.  The Court cannot say that no rational jury could convict her in light of that evidence.  Accordingly, the Court denies Niemela's Rule 29 motion.

## II. Motion for Reconsideration of Oral Motion to Stay Sentence of Incarceration

Niemela has also moved for reconsideration of the Court's decision, at sentencing, to deny her oral motion to stay the imposition of her sentence pending her appeal.  "Whenever a person is found guilty of a federal offense and sentenced to a term of imprisonment, there is a presumption that the person shall begin serving that sentence, notwithstanding the filing of an appeal of the conviction or the sentence." United States v. Alston, No. CRIM.A. 02-0057 (JDB), 2006 WL 1518952, at *2 (D.D.C. May 30, 2006).  Under 18 U.S.C. § 3143(b), "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal," shall be ordered detained unless the Court finds both that the person "is not likely to flee or pose a danger to the safety of any other person or the community if released" and, as relevant here, that the appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal.  A "substantial question of law or fact" must be "a 'close' question or one that very well could be decided the other way." United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987) (quoting United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)).  As the Court understands her motion, Niemela appears to raise two objections that she contends could result in a reduced or probationary sentence.  Neither of them is a close question.

First, Niemela contends that the Court erred at sentencing by applying a base offense level of 10, which she posits (without authority) "applies to felony assaults" only.  Mot. for

4

Reconsideration at 1; see Sentencing Tr. at 14–18, ECF No. 149.  The Court rejected this argument at sentencing and does so again here.  As noted above, Niemela was convicted of engaging in disorderly or disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2), which is a Class A misdemeanor punishable by a fine or imprisonment for not more than one year.  See 18 U.S.C. § 3559(a) (offense is classified as Class A misdemeanor if maximum term of imprisonment authorized is "one year or less but more than six months").  The Statutory Index to the sentencing guidelines specifies that violations of 18 U.S.C. § 1752 are subject either to USSG § 2A2.4—the guideline for obstructing or impeding officers, which carries a base offense level of 10—or USSG § 2B2.3—the guideline for trespass, which carries a base offense level of 4.  USSG Statutory Index, App. A.  Where, as here, "more than one guideline section is referenced for the particular statute," the index provides that courts should "use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted."  Id.

As the Court explained at sentencing, the guideline for obstructing or impeding officers, not the guideline for trespass, is most appropriate for Niemela's offense conduct.  The evidence at trial showed that Niemela and her two companions spent approximately twenty minutes inside the Capitol and helped to breach three separate police lines attempting to restrain the mob, including one line of officers attempting to safeguard the House of Representatives chamber.  Sentencing Tr. at 17, 21, 31, 80, ECF No. 149.  It is irrelevant that Niemela did not herself physically assault any officers.  Section 2A2.4 provides for an enhancement if the offense involved physical contact, implying that such conduct is not necessary for an offense to qualify as "obstructing or impeding officers."  USSG § 2A2.4(b)(1).  Niemela also asserts, among other things, that she "did not litter," "did not yell or shout," "did not threaten or admonish any

official," and "did not touch, damage or move any property." Mot. for Reconsideration at 1. That may all be true. But pointing out what Niemela did not do does not change what she did—press her way through multiple lines of police who were attempting to stop the rioters' advance through the Capitol—into a mere trespass. Additionally, although she does not clearly raise this argument in her motion for reconsideration, Niemela argued at sentencing that a base offense level of 6 may be appropriate under USSG § 2X5.2. See Sentencing Tr. at 16–17, ECF No. 149; see also Def.'s Final Suppl. to Sentencing Memo. at 3 n.3, ECF No. 140. That guideline, however, applies only to Class A misdemeanors that refer specifically to that guideline or "that have not been referenced in Appendix A." USSG § 2X5.2 (application note 1). It specifically does *not* apply "to a Class A misdemeanor that has been specifically referenced in Appendix A to another Chapter Two guideline," as is the case here. Id. Accordingly, Niemela has not raised a substantial question of law or fact for appeal regarding the applicable base offense level for her § 1752(a)(2) conviction.

    Second, Niemela objects to the Court's consideration of a handful of her social media posts, charging that the Court used her "political ideas or philosophy . . . against her at sentencing." Mot. for Reconsideration at 2. As the Court explained at sentencing, however, consideration of Niemela's social media activity has nothing whatsoever to do with her political views. Sentencing Tr. at 85–86, ECF No. 149. Rather, her online activities are relevant evidence of her mental state and intent both on and after January 6. See, e.g., United States v. MacAndrew, No. CR 21-730 (CKK), 2022 WL 17961247, at *3 (D.D.C. Dec. 27, 2022) (holding social media posts are relevant to why Defendant entered the Capitol on January 6); United States v. Bingert, No. 1:21-CR-91-1-RCL, 2023 WL 3613237, at *2 (D.D.C. May 24, 2023) (referencing Defendant's social media posts as proof he purposefully breached a police line on

6

January 6). At sentencing in particular, Niemela's social media posts were relevant to the Court's consideration of the 18 U.S.C. § 3553(a) factors, including the nature, circumstances, and seriousness of the offense, the need to promote respect for the law, and the need for both specific and general deterrence. See Sentencing Tr. at 78–86, ECF No. 149. The Court's consideration of Niemela's social media activities for such purposes does not, therefore, raise a substantial question of law or fact for her appeal. Accordingly, the Court will deny Niemela's motion for reconsideration.

### III.  Miscellaneous Filings

Last, the Court addresses a number of other *pro se* filings Niemela submitted along with her motion for a judgment of acquittal. First, the Court denies Niemela's request for electronic case filing privileges, as she will have no need to file anything further in this Court after this opinion is issued and jurisdiction passes to the D.C. Circuit. Should she perceive a need for further filings, she may mail them to the clerk's office. Second, Niemela submitted a letter to the Court captioned "Judicial Notice," stating "[f]or the record" her objection to her sentence and alleging that she received ineffective assistance of counsel. Last, Niemela filed a letter "requesting access to full discovery and evidence" in her case and noting that she fired her sentencing counsel for various alleged lapses. To the extent the Court construes these filings as Rule 35 motions to correct or reduce a sentence, Niemela failed to file them within 14 days after her sentencing hearing, as required by the rule. Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). To the extent Niemela wishes to raise an ineffective assistance of counsel claim, she may do so on her direct appeal.

### IV. Conclusion

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 144] Defendant's Motion for Reconsideration of Motion to Stay Imprisonment Pending the Outcome of Her Appeal is DENIED.  It is further

**ORDERED** that [Dkt. No. 147] Defendant's Motion of Counsel to Withdraw is GRANTED.  It is further

**ORDERED** that [Dkt. No. 154] Defendant's Motion for Judgment of Acquittal is DENIED.

**SO ORDERED**.

                                                    CHRISTOPHER R. COOPER
                                                  United States District Judge

Date: <u>July 7, 2023</u>