*Christopher R. Cooper*

**LEAVE TO FILE GRANTED**

United States Court of Appeals, District of Columbia Circuit

| | | |
|---|---|---|
| United States of America | ) | 1:21-cr-00623 (CRC) |
| | ) | |
| v. | ) | |
| | ) | **Emergency Motion to Stay** |
| Kirstyn-Ashley Niemela | ) | |
| | ) | |

### Motion

I, Kirstyn-Ashley Niemela, by and through exercise of right, respectfully move for an emergency order to stay the trial Court's sentencing order, pending results of my appeal. I was ordered to surrender the week of July 24, 2023 for 11-months of incarceration. Alternatively, I request a new sentence be issued according to the guidelines, for reasons herein.

### Statement of Facts

1. After a jury trial, I was found guilty of four misdemeanors: 18 U.S.C. § 1752(a)(1) (entering and remaining in a restricted building or grounds); 18 U.S.C. § 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds); 40 U.S.C. § 5104(e)(2)(D) (disorderly conduct in a Capitol building); and 40 U.S.C. § 5104 (e)(2)(G) (parading, demonstrating, or picketing in a Capitol building). ECF No. 155 at p. 3.

2. The counts involving 18 U.S.C. § 1752 are Class A misdemeanors. The other counts are Class B misdemeanors. Convictions under 18 U.S.C. § 1752 are subject to either USSG § 2A2.4 or USSG § 2B2.3. USSG App. A. Section 2A2.4 applies to obstructing or impeding officers and its base offense level is 10. USSG §

2A2.4. Section 2B2.3 applies to trespassing and its base offense level is 4, with a 2 level increase if the trespass occurs "at any restricted building or grounds." USSG § 2B2.3.

3. The presentence investigation report ("PSR"), which was disclosed to my counsel on April 26, 2023, concluded that "[b]ased upon a total offense level of 10 and a criminal history category of I, the guideline imprisonment range is six months to 12 months." PSR at ¶ 92. It reasoned that "the most analogous offense guideline" to 18 U.S.C. § 1752(a)(1) was USSG § 2B2.3. *Id.* at ¶ 47. It also concluded that "the most analogous offense guideline" to 18 U.S.C. § 1752(a)(2) was USSG § 2A2.4. *Id.* at ¶ 48.

4. The PSR failed the most basic requirements; even by the Government's concessions it did "not include a separate Guidelines analysis for both of the § 1752 offenses of which Niemela was convicted" and did "not set forth the Guidelines calculation separated for each count as required under U.S.S.G. § 1B1.1(a)(4)." ECF No. 122 at p. 17-18.

5. Prior counsel who represented me at sentencing filed their "Amended Sentencing Memorandum" on May 24, 2023. This memorandum did not object to the findings or conclusions of the PSR. *See* ECF No. 121. Prior counsel took the position that "the Court's sentencing decision and evaluation is not governed by the US Sentencing Guidelines." ECF No. 121 at p. 11. It did so despite Appendix A to the Statutory Index, which provides that convictions under 18 U.S.C. § 1752 are subject to USSG § 2A2.4 or USSG § 2B2.3.

6.      Sentencing took place on June 8, 2023. That morning, my prior counsel submitted "Defendant Niemela's Final Supplement to her Sentencing Memorandum." ECF No. 140.

7.      At sentencing, the Court observed that my prior counsel failed to object "to the draft presentence report" and did not object "to the base offense level in the initial sentencing memos."[1] The Court noted that only in prior counsel's latest supplement to their sentencing memorandum, filed the morning of sentencing, "noted an objection."[2] The Court further stated: "The morning of sentencing is not the time to raise objections to offense levels or guidelines calculations, so I believe you've waived that."[3]

8.      However, the Court stated it had "an independent obligation to ensure that the guidelines calculation is correct" and offered an opportunity for my prior counsel "to be heard briefly on your objection to the Base Offense Level 10 or any other aspect of the calculation."[4] My counselor, Mr. Roots, argued that the obstruction guideline did not apply because there was "no evidence of opposing or resisting – no contact with officers. No yelling at officers. No threatening officers."[5] He further argued: "For Class A misdemeanors, the U.S. Sentencing Guidelines . . . is six points."[6] Counsel for the Government responded that Appendix A lists

---

1 Sentencing Hearing Transcript, June 8, 2023, page 15 at 19-22.
2 page 15 at 17-24.
3 *Id.* at page 15 at 22-24.
4 *Id.* at page 15-16 at 25-4.
5 *Id.* at page 17 at 16-19.
6 *Id.* at page 16 at 23-25.

applicable guidelines[7] and that "Mr. Roots is sort of wrong as a basic matter of reading comprehension."[8]

9. The Court issued its ruling at the sentencing hearing, selecting USSG § 2A2.4 and explaining its reasoning, which was supported by video evidence presented by the Government at trial:

> Okay. Again, the Court sat through the trial. Particularly the video evidence that the government displayed numerous times is consistent with the characterization that she, perhaps not at the very front of the line, was part of a group that breached three different police lines and supports the application of the probation office's chosen guideline at 2A2.4. The Court, therefore, finds that the probation office has correctly calculated the range, which is Level 10 at Criminal History Category 1, at 6 to 12 months.[9]

10. The objection of Mr. Roots was "noted for the record."[10] I was "committed to the custody of the Bureau of Prisons for concurrent terms of 11 months on Counts 3 and 4, and six months on Counts 6 and 8."[11] Mr. Roots moved to "stay the imprisonment pending the outcome of her appeal."[12] That request was denied.[13]

11. Sentencing counsel filed, on June 15, 2023, a motion for reconsideration, moving "for reconsideration of Niemela's oral motion for stay of

---

7 *Id.* at page 18 at 14-17.
8 *Id.* at page 18 at 6-7.
9 page 21 at 8-17.
10 *Id.* at page 21 at 20-21.
11 *Id.* at page 88 at 16-19.
12 *Id.* at page 94 at 19-21.
13 page 95 at 6-7.

Niemela's sentence of incarceration pending the outcome [sic] of her appeal." ECF No. 144 at 1. They reasoned:

> "Niemela was convicted after a jury trial of four victimless, nonviolent riot presence-related misdemeanors, two of which are petty misdemeanors. Yet she was sentenced to serve a total of eleven (11) months in custody, pursuant to a guideline range that applies to <u>felony assaults</u> (even skipping over a base offense level applicable to misdemeanor assaults, which wouldn't have applied in any case). Plainly, Niemela has a high likelihood of success on appeal, and qualifies for a stay of imprisonment under 18 U.S.C. § 3143(b)(1), as she 'raises a substantial question of law or fact likely to result in' a reduced or probationary sentence." ECF No. 144 at p. 2 (emphasis in original).

12.   In its July 7, 2023 memorandum opinion and order, the trial Court denied my motion for reconsideration. *See* ECF No. 155 at p. 1. It rejected my former counsels' argument that the base offense level of 10 applied to only felony assaults: "The Court rejected this argument at sentencing and does so again here." *Id.* at p. 5. The Court stated that the "guideline for obstructing or impeding officers, not the guideline for trespass, is most appropriate for Niemela's offense conduct." *Id.* at p. 5. In support, the Court looked to evidence presented at trial, which "showed that Niemela and her two companions spent approximately twenty minutes inside the Capitol and helped to breach three separate police lines attempting to restrain the mob, including one line of officers attempting to safeguard the House of Representatives chamber." *Id.* at p. 5. It concluded that "Niemela has not raised a substantial question of law or fact for appeal regarding the applicable base offense level for her § 1752(a)(2) conviction." *Id.* at p. 6.

13. I, Kirstyn-Ashley Niemela, now raise new arguments not raised by prior ineffective counsel – or anyone else – concerning the proper selection of a guideline and why USSG § 2B2.3, and not USSG § 2A2.4, was the appropriate guideline. I move this Court for an order to stay in the interests of justice and not for purposes of delay.

## Argument & Authority

### A. The Choice of Guidelines

14. As stated above, a conviction under 18 U.S.C. § 1752 is subject to either USSG § 2A2.4 or USSG § 2B2.3. USSG App. A. According to the USSG Statutory Index: "If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. App. A, Refs & Annos. Where the Statutory Index specifies more than one offense guideline for a particular statute, "the court will determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. 1B1.2 cmt. n. 1.

15. The "natural reading" of those two "provisions is that, when selecting the 'most appropriate' guideline, the sentencing court should look to the conduct alleged in the indictment, and not to uncharged conduct described in trial testimony." *United States v. Almeida*, 710 F.3d 437, 441 (1st Cir. 2013). "[T]o the extent the court is required to look to the facts to

select a guideline, the court is limited to the conduct charged in the indictment." *United States v. McEnry*, 659 F.3d 893, 899 (9th Cir. 2011). In determining which guideline to apply, a court conducts "a comparison of the charged misconduct as described on the face of the indictment with the guidelines." *United States v. Lewis*, 161 F. App'x 322, 324 (4th Cir. 2006).

16. When reviewing the superseding indictment, it is apparent that the 18 U.S.C. § 1752 charges make no mention of obstructing or impeding officers. Count three, relating to "Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code Section 1752(a)(1)" states:

> "On or about January 6, 2021, within the District of Columbia, **MICHAEL ECKERMAN and KIRSTYN NIEMELA** did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so." ECF No. 24 at page 2 (emphasis in original).

17. Count four, alleging "Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(2)" states:

> "On or about January 6, 2021, within the District of Columbia, **MICHAEL ECKERMAN** and **KIRSTYN NIEMELA** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of

Government business and official functions." ECF No. 24 at page 3 (emphasis in original).

18. Missing from both of those counts is any allegation or even passing reference of my conduct obstructing or impeding officers. However, those counts reference my presence in a "restricted building and grounds", the same language seen in USSG § 2B2.3, which relates to a trespass occurring "at any restricted building or grounds." And, importantly, neither 18 U.S.C. § 1752(a)(1) nor 18 U.S.C. § 1752(a)(2) reference obstructing or impeding officers.

19. From a review of the record, it appears that USSG § 2A2.4 was selected not based on the "conduct charged in the count of which the defendant was convicted" but instead based on conduct not alleged in the indictment: the video evidence referenced at the June 8, 2023 sentencing hearing and the trial evidence referenced in the Court's July 7, 2023 memorandum opinion and order. *See supra* ¶¶ 9, 12. That led to a mistaken selection of USSG § 2A2.4 where USSG § 2B2.3 was appropriate considering counts three and four in the superseding indictment. *See Almeida*, 710 F.3d at 442 ("Consequently, we think it clear that the district court erred by selecting the guideline applicable to Almeida's crime on the basis of conduct not alleged in the indictment.").

20. Had USSG § 2B2.3 been selected, as required, a base offense level of six would have resulted in a sentencing range of 0-6 months. I am

ordered to turn myself in to serve 11-months of incarceration on July 25, 2023. A stay of sentence is necessary to remedy the incorrect selection of guidelines, to ensure that I do not serve a sentence which is wrong as a matter of law, and for the Court to decide on a proper and just sentence for me.

## B. Ineffective Assistance of Counsel

21.  In support of this motion, I further state that sentencing counsel, Mr. Pierce and Mr. Roots, provided ineffective assistance of counsel which significantly prejudiced me. I raised the claim of ineffective counsel to the trial Court, and was denied an evidentiary hearing and any other meaningful opportunity to validate my claim.

22.  To succeed on a claim asserting ineffective assistance of counsel, "the defendant must show that (1) his counsel's performance 'fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Payne v. Stansberry*, 760 F.3d 10, 13 (D.C. Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "Counsel's performance is deficient when his representation falls below an objective standard of reasonableness." *United States v. Abney*, 812 F.3d 1079, 1086 (D.C. Cir. 2016) (quotation omitted). "The prejudice prong requires a showing of a 'reasonable probability that, but for counsel's unprofessional errors, the result of [his sentencing] would have been

different.'" *United States v. Abney*, 812 F.3d 1079, 1086 (D.C. Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

23. In my case, there is no question that counsel at sentencing fell below the objective standard of reasonableness. My attorneys at sentencing failed to recognize, and failed to present to the Court, the above-referenced requirements when selecting a guideline. My prior counsel failed to comprehend the difference between a sentencing memorandum and presentencing report in an email response to probation. They failed to object to materially harmful errors in the presentence report which recommended the selection of USSG 2A2.4; moreover, through untimely filings, they waived objections.[14] As the Court observed: "There were no objections filed to the draft presentence report. There was no objection, I don't believe, to the base offense level in the initial sentencing memo. The morning of sentencing is not the time to raise objections to offense levels or guidelines calculations, so I believe you've waived that."[15]

24. When asked about their objections to the "Base Offense Level 10 or any other aspect of the calculation"[16] notwithstanding that waiver, my counsel failed to mention the requirements for selecting the appropriate guideline, instead somehow alleging that ten points "is a felony baseline."[17]

---

[14] Sentencing Hearing Transcript, June 8, 2023, page 15 at 19-20.
[15] *Id.* at page 15 at 19-24.
[16] *Id.* at page 16 at 19-20.
[17] *Id.* at page 16 at 13.

Time and time again, my sentencing counsel proved wholly uninformed about the guidelines. They mistakenly believed that "[f]or Class A misdemeanors, the U.S. Sentencing Guidelines . . . is six points."[17] They wrongly argued "the Court's sentencing decision and evaluation is not governed by the US Sentencing Guidelines." ECF No. 121 at p. 11. They erroneously asserted – twice – that USSG § 2A2.4 applied to felony assaults; an argument rejected twice by this Court. ECF No. 155 at p. 5

25.  But for their unprofessional errors, the result of sentencing would have been dramatically different for me. The correct guideline would have been applied and I would be facing zero to six months in prison. Instead, due to their failures and through no fault of my own, I am facing 11 months. Justice requires this wrong to be remedied.

### Requested Relief

26.  For the reasons set forth in my motion, I, Kirstyn-Ashley Niemela, ask this Honorable Court to issue an emergency order to stay the trial Court's sentencing order, pending results of appeal for denial of my right to effective counsel. Alternatively, I request a stay to allow time for briefings, and a new and proper sentence to be issued according to guidelines. I further request all other relief, in law and in equity, that the Court deems just and proper.

Respectfully,

---

17 *Id.* at page 16 at 23-25.

I affirm under penalty of perjury under the laws of the United States of America that facts stated are true and correct. Executed this 24th day of July 2023

Kirstyn-Ashley Niemela



**Certificate of Service**

I certify that on this 24th day of July, 2023, a copy of the foregoing Emergency Motion to Stay, including my sworn statement of facts, was delivered electronically to the following

Michael Matthew Gordon
United States Department of Justice
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov


Jessica Arco
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, District of Columbia 20530
jessica.arco@usdoj.gov


Kirstyn-Ashley Niemela