**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA**

v.

**KIRSTYN NIEMELA,**

              Defendant.

Case No. 21-cr-623 (CRC)

---

**MEMORANDUM OPINION AND ORDER**

      The Court sentenced Defendant Kirstyn Niemela to eleven months of incarceration and twelve months of supervised release after she was convicted in a jury trial of four misdemeanor counts relating to her involvement in the January 6, 2021 riot at the United States Capitol. After her sentencing, Niemela filed a notice of appeal. She also filed multiple motions concerning her conviction and sentence, including a motion to stay her imprisonment pending her appeal and *pro se* letters requesting relief based on ineffective assistance of counsel, which the Court denied in a previous memorandum opinion. See Mem. Op. & Order, ECF No. 155. Niemela now has filed a *pro se* emergency motion that again seeks a stay of the sentencing order pending appeal or, alternatively, a new sentence. See Emergency Mot. to Stay, ECF No. 156. The Court denies this motion as well.

      As she did in her prior motion and at the sentencing hearing, Niemela argues in her most recent motion that the Court erred in applying USSG § 2A2.4 to her conviction under 18 U.S.C. § 1752(a)(2) for engaging in disorderly or disruptive conduct in a restricted building. The Court already has rejected this argument and explained why § 2A2.4 is the proper guideline. See Mem. Op. & Order at 4–6. But Niemela contends that she "now raise[s] new arguments not raised by prior ineffective counsel—or anyone else—concerning the proper selection of a guideline and

why USSG § 2B2.3, and not USSG § 2A2.4, was the appropriate guideline." See Emergency Mot. to Stay at 6. Her new argument is as follows. Violations under 18 U.S.C. § 1752 are subject to either USSG § 2A2.4—the guideline for obstructing or impeding officers carrying a base offense level of 10—or USSG § 2B2.3—the guideline for trespass carrying a base offense level of 4. USSG Statutory Index, App. A. Where, as here, "more than one guideline section is referenced for the particular statute," a court must "use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." Id. In deciding that the § 2A2.4 guideline was most appropriate, Niemela argues that the Court considered several pieces of trial evidence regarding her actions on January 6. That was improper, she contends, because courts have held that, "when selecting the 'most appropriate' guideline, the sentencing court should look to the conduct alleged in the indictment, and not to uncharged conduct described in trial testimony." United States v. Almeida, 710 F.3d 437, 441 (1st Cir. 2013). Regardless of its merits, this argument does not warrant the requested relief.

      For starters, as Niemela admits, her trial counsel never raised this argument during the sentencing hearing. But even if the Court were to accept her new argument, it would not alter the sentencing decision for two reasons. First, looking exclusively at the face of the indictment, the Court is convinced that § 2A2.4 is the most appropriate guideline. Count 4—"Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(2)"—alleged that Niemela "impede[d] and disrupt[ed] the orderly conduct of Government business and official functions." Superseding Indictment, ECF No. 24, at 3. This charged conduct mirrors § 2A2.4, which applies to "obstructing or impeding officers," and goes well beyond the mere act of trespass covered by § 2B2.3. Indeed, other January 6 defendants convicted of violating 18 U.S.C. § 1752(a)(2) have received a base offense level of

10 under § 2A2.4.  See, e.g., United States v. Nassif, No. 21-cr-421, Tr. of Sentencing, ECF No. 95, at 39, 42.

Second, the Court concludes that eleven months of incarceration is appropriate regardless of which of these two guidelines applies.  If the Court had applied USSG § 2B2.3, the sentencing range would have been zero to six months imprisonment for both her 18 USC § 1752(a)(1) and § 1752(a)(2) offenses.  In addition to these two offenses, Niemela was convicted of disorderly conduct in a Capitol building under 40 U.S.C. § 5104(e)(2)(D) and of parading, demonstrating, or picketing in a Capitol building under 40 U.S.C. § 5104(e)(2)(G)—each of which is a Class B Misdemeanor carrying a maximum term of six months imprisonment.  Considering the guideline ranges alongside the 18 U.S.C. § 3553 factors, the Court would have ordered the sentences to run consecutively for a total period of eleven months incarceration and twelve months of supervised release.  That is exactly the sentence that Niemela received, and there is no reason to stay her imprisonment based on an alleged error that would not have affected her sentence.

As a final note, Niemela argues that her sentencing counsel was ineffective for failing to raise this argument.  See Emergency Mot. to Stay at 9–11.  The Court fails to see how any deficiency prejudiced Niemela for the reasons above.  In any event, as the prior memorandum opinion stated, Niemela is free to pursue an ineffective assistance claim on direct appeal.

**ORDERED** that [Dkt. No. 156] Defendant's Emergency Motion to Stay Imprisonment Pending the Outcome of Her Appeal is DENIED.

**SO ORDERED**.

                                                             CHRISTOPHER R. COOPER
                                                             United States District Judge

Date: July 25, 2023